Hon. ASA O. ALDIS,
Hon. JOHN PIERPOINT,
Hon. JAMES BARRETT,
Hon. ASAHEL PECK,
} Assistant Judges.

---

## Sarah Buckminster *v.* Salmon Buckminster.

### *Petition. Divorce. Alimony. Supreme Court.*

The supreme court having made a decree of divorce is not limited in its authority to make further decree to cases where the decree of alimony is for annual allowances to be paid from year to year.

Its authority held to extend to a case where the petition sought to have the court give further allowances for the support of the minor children, and to grant additional alimony.

The supreme court is the tribunal of the law to regulate and control parents, who have been divorced, in respect to the support and education of their minor children, and to determine how much each shall pay therefor and who shall have their care and custody.

Reasons given for denying alimony to the wife, in this case, in addition to the amount given in former decree, and in general why it should be denied.

A decree giving the care and custody of the children to the mother does not discharge the father from his natural obligation to contribute reasonably to their support, but in enforcing this duty the court will consider all the circumstances.

PETITION for alimony and support of minor children and to have the husband make good the former decree, which had been defeated by the wrong of the husband. The substance of the petition and evidence sufficiently appear in the opinion of the court.

*Henry Heywood*, for the petitioner.

*Ross & Burbank*, for the petitionee.

The opinion of the court was delivered by

ALDIS, J. This petition states that the petitioner was divorced from the petitionee at the September Term, 1855, of the supreme court for this county ; that the custody of their four children, who then were and still are minors, was given to her by the court ; that $500. in money and the household furniture were awarded to her as alimony ; that the petitionee transferred and covered up his property so that she got only the $500. and could not get the household furniture valued at $300. ; that she has always supported the four children, and that her means therefor are very slender and the $500. nearly spent, and the children some of them in infirm health, and she prays first to be allowed for the household furniture which by the decree she was to have had, and by the wrong of the husband she did not get ; and secondly that she be allowed further so much as she has expended of the $500. for the children, and also such further sum as may be thought reasonable for support of the minor children.

I. It is objected that the statutes of our state do not confer jurisdiction of such a case as this upon the court ; that it is only where the decree of alimony is for annual allowances to be paid from year to year that a petition may be presented to this court.

But we think the language of the statute and its plain intent confer this authority upon the court.

Section 31 of chapter 30 enacts that " upon decreeing a divorce the court may make such further decree as they shall deem expedient concerning the care, custody and maintenance of the minor children

of the parties, and may *at any time thereafter* on the petition of either of the parents annul, vary, or modify such decree."

Divorce and decreeing the custody of minor children to the mother do not absolve the father from his parental duties and obligations to his children. He must still be reasonably liable for their support and education. They are of his blood. It is not their fault that their parents have been divorced. It is their right that those who have brought them into the world should take care of them till they are old enough to take care of themselves. So too it is the right of each parent to see to it that they are properly nurtured and educated, and if the one who has the custody does not faithfully perform that duty, the other may apply to the court to correct the wrong.

This court is the tribunal of the law to regulate and control the parties in the discharge of these duties, and to determine who shall have the care and custody of the children, and how much each parent shall contribute to their support and education.

A decree made at the time of the divorce cannot anticipate the changes which may occur in the condition of the parents, or in their habits and character, and their fitness to have the custody and care of the children. The parent having the custody of the children may marry, may become poor and unable to properly maintain and educate them ; may become vicious and morally unfit to have the control of children. These changes and other sufficient causes may make it necessary for the good of the children that their custody should be changed, or new provisions be made for their support and education. Hence the salutary provisions of our statute.

The 30th section of the statute is still more full and explicit and extends the controling power of this court not only to the care, custody and maintenance of the children, but provides further that the court may from time to time after any decree for alimony, on petition and due notice, revise and alter their decree *respecting alimony*, or other annual allowance, or the appointment of trustees and the appropriation of the trust fund, and " may make any decree respecting any of the said matters which they might have made in the original suit." This is certainly a very large grant of authority to revise and alter former decrees of this court ; and it is obvious that the exercise of it requires much prudence and caution. It undoubtedly

extends as far as the petitioner now asks to have it exercised, viz: 1st, to give further allowances for the support of the minor children, and 2d, to grant her alimony in addition to the amount given her in the former decree.

II. Of alimony to her, in addition to the amount given by the former decree.

Where upon granting a divorce there has been a decree of alimony, and there has been no fraud or concealment by which the court has been misled, but the decree has been made either upon a hearing, or according to the agreement of the parties,—there we should be very slow, under any circumstances, to revise or alter the former decree. The decree should be regarded as the final adjudication between the parties. They should not be encouraged to try experiments with the court. The divorced husband has a right to regard the obligation to support the former wife ended, and to be at liberty to enter into new relations without the pressure of such a burden upon him.

In this case there are many considerations which induce us to refuse to alter the former decree as to alimony to the wife.

1. The decree was made according to the agreement of the parties. There was no fraud or concealment. The wife knew as much then about the husband's property as she does now.

2. If we look into the decree itself we find it to have been a very liberal one to the wife—giving her a third at least (indeed we think very nearly one-half) of the husband's property. It is true she took the heavier burden as to the children ; taking the four younger ones, while the husband took the two sons whose age would make them rather a source of profit than of expense to him.

3. The husband has since married and has children by this marriage ; his property (which now amounts to about $3000.) has been chiefly acquired since the divorce. He is getting old, his wife is infirm, his children by the new wife are quite young.

4. As a matter of sound public policy, where husband and wife are divorced, the wife should not be encouraged to think she has a continuing lien upon the old husband for her support. On the contrary, the divorce and the decree of alimony should be under-

stood, as between them, to end their relations and obligations to each other.

We therefore do not allow anything to her in addition to the former decree. But so far as she failed to receive the benefit of the former decree by the husband's taking and disposing of a part of the household furniture which was decreed to her, we are disposed to require the husband to make her good. This is but carrying out the former decree in that particular in which the act of the husband defeated it. Without special reference to the evidence, which on this point is somewhat conflicting, we deem it sufficient to say we allow her $50. to be paid her on the first day of November next.

III. As to an allowance for the maintenance of the children. This stands on very different ground. Here the obligation of the father continues. The decree giving the care and custody of the children to the wife does not discharge him from his natural obligation as their father to contribute reasonably to their support. In enforcing this duty the court will consider all the circumstances ; will not allow the right to be abused, and under color of maintenance for the children allow further alimony for the wife ; nor disregard the rights of the husband and his new relations and duties to others.

By the decree the care and custody of the four younger children were given to the mother. They were all under eight years of age. All she had for her and their support was $500. and a part of the household furniture. It is not claimed but that she has done her duty faithfully and well, except indeed in one particular, and that a serious one, and which we do not overlook, that she has taught them to entertain feelings of hatred to their father. The children are still all minors, and one of them is in infirm health. The $500. is nearly all expended.

We do not feel inclined to visit the misconduct of the mother, in the particular alluded to, upon the children so as to deprive them of all aid from their father. Their welfare must not be neglected on this account. The misconduct of the wife, wrong as it is and painful as it must be to the father, is to be remedied rather by applying to the court to withdraw the children from her custody and influence and to restore them to their father, than by denying them all

East Haven *v.* Derby.

aid from him. But no such application is made, and whether the evidence when taken fully and directly on the point might not change the aspect of the case somewhat is perhaps fairly open for consideration.

Upon the whole, and especially considering that one of the children is in ill health, we conclude to allow for the support and maintenance of the children, who are in the custody of the mother, while they are minors the following sums, viz: $50. to be paid November 1st, 1865; $50. on the 1st day of May, 1866; $50. on November 1st, 1866; $50. on the 1st of May, 1867, and $50. on the 1st of November, 1867. With these sums for their support we think the children can be brought up by the mother and reasonably educated, and that by the time these sums are expended they will be old enough to support themselves, with such help as the mother can give them. These sums are to be paid by Salmon Buckminster, the petitionee, to Sarah Buckminster, the petitioner, and are to be appropriated by her to the support, maintenance and education of the four children, while they are minors, and as they shall respectively need. Each party to pay his own costs.