A. E. CHESTER, Plaintiff in Error, *v.* E. S. CHESTER, Defendant in Error.

### May 19, 1885.

DIVORCE—PAST SUPPORT OF CHILD—LACHES.—A divorce, with alimony in gross, and the custody of the child having been granted the wife, a motion in the cause asking for an allowance for past expenditures for the child, filed by the wife five years thereafter, is properly overruled.

ERROR to the St. Louis Circuit Court, THAYER, J.
*Affirmed.*

JOHN D. POPE, for the plaintiff in error: The father must provide for the support of his children.—Rev. Stat., sects. 601, 1273; *St. Ferd. Academy* v. *Bobb*, 52 Mo. 357; *Courtwright* v. *Courtwright*, 40 Mich. 633; *Reynolds* v. *Sweetser*, 15 Gray 78; *Walker* v. *Leighton*, 31 N. H. 111;

*Gill* v. *Reed*, 5 R. I. 343; *McGoon* v. *Irvin*, 1 Pinney (Wis.) 526; *Rawlyns* v. *Vandyke*, 3 Esp. 251. The divorce of the father and mother has no effect on their legal duty towards their minor children; and the father is bound to support them whether they are left in his custody or given to the mother.—2 Bishop on M. & D., sect. 552; *Conn* v. *Conn*, 57 Ind. 323-325; *McCarthy* v. *Hinman*, 35 Conn. 538; *Milford* v. *Milford*, L. R., 1 Pro. & Div. 715; *Lusk* v. *Lusk*, 28 Mo. 91. Under the mother's application for relief the past expenditures on the child's behalf will be considered.—*Thomas* v. *Thomas*, 41 Wis. 229; *Wilson* v. *Wilson*, 45 Cal. 399; *Plaster* v. *Plaster*, 47 Ill. 290; *Holt* v. *Holt*, 42 Ark. 495; *Lusk* v. *Lusk*, 28 Mo. 91.

BROADHEAD & HAEUSSLER, for the respondent: The decree of the entire and exclusive care, custody, and control of the child, with a judgment of alimony in gross, carried with it the right of the child's services, and released the husband from any further obligation or liability to his wife for her support or care. No further decree or additional judgment can be rendered.— *Wilkinson* v. *During*, 80 Ill. 342; *Hewitt* v. *Long*, 76 Ill. 309; *Burritt* v. *Burritt*, 27 Barb. 124; *Husband* v. *Husband*, 67 Ind. 583; *Hancock* v. *Merrick*, 10 Cush. 41.

ROMBAUER, J., delivered the opinion of the court.

In an action for divorce brought by plaintiff against defendant, a decree was entered on the 9th day of June, 1879, in favor of plaintiff, dissolving the bonds of matrimony between the parties, and containing this clause: "It is further ordered by the court that the plaintiff have the entire and exclusive care, custody, and control of Grace Chester, the child of said parties, until the further order of this court. And it is further ordered, adjudged and decreed by the court, that the plaintiff recover of the defendant as her alimony in gross, the sum of eleven thousand five hundred dollars." At the February term, 1885, more than five years after the decree thus entered, and at a time when the girl, Grace, as is conceded, was about

reaching her majority, the plaintiff filed a motion in the divorce suit. The motion recites the former decree, the award and payment of the alimony and then proceeds to state: That the defendant is a man of large means. That at and prior to the decree of divorce, the defendant recognizing his obligation to suitably provide for the maintenance and education of his child, expressed his desire to be permitted to do so without any order of the court. That relying upon the promise thus made, the plaintiff did not ask the court to insert in the decree of divorce a provision for the maintenance, education, and support of the child. The motion further recites that defendant failed to comply with such promise, and that plaintiff has incurred for the maintenance and education of said child, expenses exceeding $2,500.00, which expenses defendant, on application of plaintiff, refused to reimburse to her. The motion then prays for a decree compelling defendant to reimburse the expenses thus incurred. Defendant moved to strike out the motion thus filed assigning various grounds, which it is needless to consider, as it is conceded before us, that the trial court was willing to consider plaintiff's motion, if plaintiff would modify it so as to include future expenditures only. Plaintiff declined to so modify the motion, whereupon the court dismissed it at plaintiff's costs. The action of the court in thus dismissing her motion is now assigned for error by plaintiff.

The following propositions contended for by appellant we consider to be well supported by reason and authority. That the duty of supporting minor children devolves primarily upon the father.—2 Kent's Com. S. P. 191. This duty is recognized and emphasized in our statute. —Rev. Stat. 1879, sect. 1273. That the divorce of the father and mother does not determine that duty, regardless of the fact to which of the parents the custody of the children is assigned.— *Lusk* v. *Lusk*, 28 Mo. 91; *Wilson* v. *Wilson*, 45 Cal. 399; *Buckminster* v. *Buckminster*, 38 Vt. 248; *Holt* v. *Holt*, 42 Ark. 495. As is tersely stated by Mr. Bishop: "The children are no

parties to the quarrels of their parents, they lose no rights thereby. Hence, the father's duty to maintain them remains after divorce as before."

The question, however, still remains, how is this duty to be enforced? The rule is one which is established not for the benefit of the mother, but solely for the benefit of the child. It is the duty of the court to see to it, that children do not become sufferers to a greater extent than unavoidable, by the unfortunate quarrels of their parents. It is for this reason, among others, that the divorce laws of almost every state contain provisions vesting in the court which has granted the divorce a continuing power to modify its decree from time to time, as far as the alimony of the wife and the care, custody, control, and maintenance of the children are concerned. Appellant's counsel pertinently and ably argues that whenever the question has arisen, the decisions have been uniform, that the proper method of enforcing the duties of the father towards his minor children after divorce, is not by independent action, but by recourse to the provisions of the divorce laws of the state. But while the divorce laws of the various states grant powers to the courts, the limit of such power is widely different. · It is for this reason that the decisions in one state are but of doubtful persuasive force in another, as they depend almost exclusively on the construction of local laws. Thus the case of *Wilson* v. *Wilson* (45 Cal. 403) relied on by appellant, was decided under a statute which provided that "in any action for divorce the court may, during the pendency of the action, or at the final hearing, *or after-wards*, make such order for the support of the wife, and maintenance and education of the children of the marriage as may be just, *and may at any time thereafter annul, vary, or modify such order, as the interest and welfare of the children may require.*"

The statute of Vermont, under which the case of *Buckminster* v. *Buckminster, supra*, relied on by appellant was decided, provided: "That upon decreeing a divorce, the court may make such further decree as they shall

deem expedient concerning the care, custody, and maintenance of the minor children of the parties, and may at any time thereafter, on the petition of either of the parents, *annul, vary, or modify such decree.*" Turning to our own statute, we find the power conferred upon the court much more limited. Section 2179 of the Revised Statutes provides that : "The court, on the application of either party, may make such alteration from time to time as to the allowance of alimony and maintenance, as may be proper;" and section 2185 provides that: "No petition for review of any judgment for divorce, rendered in any case under this chapter, shall be allowed, any law or statute to the contrary notwithstanding, but there may be a review of any order or judgment touching the alimony and maintenance of the wife and the care, custody and maintenance of the children, or any of them *as in other cases.*" The first of the above provisions relates exclusively to the allowance or maintenance to the wife, and as this motion is professedly not of that character, it has no application to the case before us. The second provides for a review of the order of the court touching the care, custody, and maintenance of the children, and giving it even the widest scope would hardly justify the court to make the order prayed for in this proceeding.

The application here is not made on behalf, or for the benefit of the child. The child has already had the benefit of all expenditures in the past. In regard to the expenditures to be made in the future, the court was willing to retain the motion, and dismissed it only when plaintiff declined to have it retained. In *Burrit* v. *Burrit* (29 Barb. 129) it was said that an omission to ask in the original bill for an allowance to support the child, was tantamount to an admission by plaintiff, that she would willingly encounter the burden of the support, in consideration of the benefit, and enjoyment of the service and society of the child. In *Plaster* v. *Plaster* (47 Ill. 294) it was held that where alimony was allowed, in gross, under a provision similar to the one contained in section

2179 of our statute, it was not subject to subsequent alteration, although it might be modified in behalf of the child. In *Husband* v. *Husband* (67 Ind. 585) the wife under similar circumstances was denied redress, the court holding that she should have obtained an allowance for the support of the child in the decree of divorce. Conceding, however, that the motion in this case shows sufficient excuse, in the husband's alleged promise why such additional allowance was not insisted upon in the decree, and conceding further that the court, notwithstanding the allowance of alimony in gross, has full power to make additional allowances for the support of the child, still we are satisfied that the application for past expenditures comes too late. The custody of the child was awarded to the plaintiff until the further order of the court only. Under the recitals of the decree it was presumably so awarded to plaintiff, on the supposition that the husband would be subjected to no further outlay on its behalf. If that supposition was unwarranted, if the plaintiff sought further support for the child, if she claimed that the husband had violated an independent promise to support it, it was her duty to at once apply to the court. The husband had a right to be heard in regard to expenditures to be incurred for his child before they were incurred. He had a right to apply to the court for a transfer of the custody of the child to him, so that he might himself determine expenditures reasonable for its education. *Non constat*, but that under such circumstances the court might have granted his prayer. All this is past and gone. The court is powerless to restore to the father the lost society of his child. It is powerless to consult him in regard to its education, and we must hold that it would be highly inequitable that it should now compel him to defray expenditures thus incurred.

All the judges concurring, the judgment is affirmed.