CHARLES F. BROWN *et ex. vs.* WILLIAM C. SMITH, Administrator.

The common law right of the father to the services' and earnings of his minor children being founded upon his common law obligation to support them, if he is deprived of their services and earnings by a decree of court committing them to the custody of the mother, his duty to support them no longer exists, except as the court may direct in pursuance of statutory authority.

Pub. Stat. R. I. cap. 167, § 23, empowers the court in divorce proceedings to regulate the custody and provide for the support of the children of the parties divorced ; to make all necessary orders and decrees concerning the same, and the same at any time to alter, amend or annul for cause after notice to the parties.

Where a decree granting the wife a divorce on her petition awarded to her the custody of the children, she cannot after the husband's decease maintain an action against his estate for the board of the children.

The decree of the court on a petition for a divorce in regard to the custody and support of the children is conclusive of the rights of the parties until the decree is either modified or annulled.

ASSUMPSIT. Certified from the Common Pleas Division, on an agreed statement of facts.

*December* 23, 1895. TILLINGHAST, J. The agreed statement of facts in this case shows that Rebecca M. Brown, the real plaintiff, was formerly the wife of Daniel Bosworth, late of Warren, deceased, and by him had three children ; that prior to the death of said Bosworth, Mrs. Brown, then Mrs. Bosworth, upon her petition to the Supreme Court of this State, was divorced from said Daniel Bosworth, and the custody of the said three children of the marriage, they being

minors, was awarded to her ; that upon the death of said Daniel Bosworth, which occurred about three years after the divorce, the defendant was appointed administrator on his estate, and that after said appointment Mrs. Brown presented to him a claim for the board of said children against the estate of Daniel Bosworth ; that said administrator represented said estate insolvent, and thereupon, pursuant to law, commissioners were duly appointed to receive and examine the claims against said estate, and that said commissioners allowed the claim of Mrs. Brown for the board of said children ; that upon the filing of the report of said commissioners in the Court of Probate, the administrator, being dissatisfied with the allowance of said claim by the commissioners, gave notice thereof in the office of the clerk of the Court of Probate, and also to the plaintiffs, as provided by law, whereupon said claim was stricken out of said report by the Court of Probate ; and that the plaintiffs thereupon, in accordance with the provisions of Pub. Stat. R. I. cap. 186, § 15, brought this suit to determine the validity of the claim of Mrs. Brown against said estate.

The only question presented for our decision, under this state of facts, is : Can a married woman, who has been granted a divorce and the custody of minor children, maintain an action at law against the estate of her deceased husband for the board of said children ? We think this question must be answered in the negative.

At the time when said divorce was granted, the Supreme Court had the authority, under Pub. Stat. R. I. cap. 167, § 23, as the Appellate Division now has, (Judiciary Act, cap. 2, § 4,) to regulate the custody and provide for the education, maintenance and support of the children of all persons by them divorced ; to make all necessary orders and decrees concerning the same, and the same at any time to alter, amend or annul for sufficient cause after notice to the parties interested therein. *Sammis* v. *Medbury*, 14 R. I. 214. This statute is presumably based upon the theory that the rights of the parties in a proceeding for divorce, as to the custody and support of the minor children of the marriage, can be

best determined in connection with said proceeding, upon a full consideration of the circumstances and situation of the parties, instead of leaving such rights open to further independent litigation. See *Husband* v. *Husband*, 67 Ind. 583 ; *Buckminster* v. *Buckminister*, 38 Vt. 248 ; *Chester* v. *Chester*, 17 Mo. App. 657. Whatever is decreed, therefore, regarding the custody of children, in a divorce proceeding, is conclusive of the rights of the parties, until the decree is either modified or annulled. By virtue of the decree in the petition above referred to, said Rebecca M. Brown became entitled to the custody of said minor children, together with the right to their services, and defendant's intestate was thereby deprived of his common law right thereto ; and, being thus deprived of this right, he became absolved from the correspondent common law obligation which previously rested upon him to support said children. In other words, the award of the children to the mother carried with it a transfer of parental duties as well as of parental rights. Schouler, Dom. Rel. 3d ed. § 237. As said in 2 Bishop, Mar. & Div. § 557 : "The true legal principle applicable to cases of this kind seems to be, that the right to the services of the children and the obligation to maintain them go together ; and, if the assignment of the custody to the wife extends to depriving the father of his claim to their services, then he cannot be compelled to maintain them otherwise than in pursuance of some statutory regulation." In *Burritt* v. *Burritt*, 29 Barb. 124, the court say : "It would seem almost an oppressive exercise of power, first to withdraw the child wholly from the care, control and influence of the father ; to deprive him entirely of its presence, society and aid ; to put it entirely in the possession and control of the mother with whom he is at variance ; to allow that mother to support, educate and maintain it in her own way and agreeably to her own pleasure, and then to require from the husband an absolute and unquestioning compliance with all her demands for the means of its support, education and maintenance." In short, the right of the father to the services and earnings of his minor children is founded upon the obligation which the law im-

poses upon him to nurture, support and educate them, and it continues until their maturity, if they remain with him, when the law determines that they are capable of providing for themselves. But when the father is deprived of their custody and services by a decree which commits them to the custody of the mother, the duty to support them no longer exists, except as the court may direct, in pursuance of statutory authority. See *Gilley* v. *Gilley*, 79 Me. 292 ; *Brow* v. *Brightman*, 136 Mass. 187 ; *Johnson* v. *Onsted*, 74 Mich. 437 ; *Finch* v. *Finch*, 22 Conn. 411 ; *Harris* v. *Harris*, 5 Kan. 46 ; *Hall* v. *Green*, 87 Me. 122. See also Pub. Stat. R. I. cap. 71, §§ 5, 6.

Counsel for the plaintiffs relies on the case of *Pretzinger* v. *Pretzinger*, 45 Ohio St. 452, which, while it fully sustains his position, and was rendered by a court whose decisions are entitled to very high respect and consideration, is nevertheless opposed to the preponderance of American authorities upon the question here presented. And, moreover, all the parental obligations of the father, so vigorously contended for by the court in that case, could have been enforced in connection with the divorce proceedings. In the States of Arkansas and Illinois there is, or at the time of the rendition of the decisions mentioned below, there was, no statutory provision authorizing the court granting the divorce subsequently to modify its orders and decrees concerning the custody and support of the minor children of the marriage ; and therefore the cases of *Holt* v. *Holt*, 42 Ark. 495, and *Plaster* v. *Plaster*, 53 Ill. 445, can hardly be considered authorities in support of the plaintiff's position. Moreover, the fact, that notwithstanding the very numerous cases of divorce granted in this State in which the custody of minor children has been awarded to the mother, no such action as the present has to our knowledge ever been instituted, indicates very strongly that the members of the bar never supposed that such an action could be maintained. If said Daniel Bosworth was still living, a change in the said decree of divorce, in so far as it relates to the children might for cause shown, upon application of the petitioner therein, be made. But said Bos-

worth being dead, no such change can now be made ; and Mrs. Brown having been, presumably upon her own request, awarded the custody of said children, and no provision having been made in the decree for their support or, so far as appears, even been asked for, she must be presumed to have assumed that duty upon herself, and is now without remedy. *Burritt* v. *Burritt, supra.* Again, as no express promise to pay for the board of said children is shown to have been made by defendant's intestate ; and as the granting of the custody of said children to the mother negatives any implication of liability therefor on the part of the father, there is no evidence whatever upon which to base a judgment in favor of the plaintiffs. *Johnson* v, *Onsted, supra.*

Judgment for defendant for costs.

*Charles H. Page & Franklin P. Owen,* for plaintiffs.

*Benjamin M. Bosworth,* for defendants.

