BRICE, APPELLANT, *v.* BRICE, RESPONDENT.

(No. 3,483.)

(Submitted February 11, 1915.   Decided March 10, 1915.)

[147 Pac. 164.]

*Divorce—Support and Maintenance—Modification of Decree—Burden of Proof—Res Adjudicata—Appeal—Evidence—Affidavit.*

Divorce—Support and Maintenance—Modication of Decree—Showing Necessary.
   1.   A modification of a decree of divorce embodying a provision for the support of the wife or children ought to be made only upon good cause shown.

   [As to power of court to decree alimony after the granting of a divorce, see note in 88 Am. Dec. 657.]

Same—Burden of Proof.
   2.   Where a divorced wife makes application for an increased allowance for her own support, or that of her children whose custody was decreed to her, it must appear that her or their needs are such as to render a larger allowance necessary and that the husband, by reason of a change in his circumstances, is able to pay the additional amount, the burden of proof being upon the applicant.

Same—Modification of Decree—Estoppel.
   3.   The parties to a divorce proceeding in which a certain allowance is made to the wife for her support, by failing to appeal from the order within time, are conclusively bound thereby, even though the allowance prove inadequate.

Same—Support of Children—Effect of Agreement Between Parties.
   4.   While an agreement between husband and wife touching the custody and maintenance of the children will be enforced, it cannot, as against the children, divest either parent of the duty to support and educate them.

Same—Support and Maintenance—Proper Modification of Decree.

5. Where it appeared that, after transfer by a husband to his wife of all his property, amounting to $5,000, she was granted a divorce, he to pay $150 per annum for the maintenance of their two children, whose custody was awarded to the mother, and the latter eight years thereafter applied for a modification of the decree so as to grant a larger allowance for the maintenance of the minor daughter who was in ill health, the mother no longer being able to properly support her, and that the husband was earning a comfortable income as a physician and possessed unencumbered property amounting to $4,000, a modification of the decree so as to require him to pay $30 per month for the support of the daughter was proper.

[As to liability of father for support of children after divorce decree awarding custody to mother but not providing for maintenance, see note in Ann. Cas. 1913C, 296.]

Same—Appeal—Evidence—Affidavits—How Viewed.

6. Where an application for a larger allowance to a divorced wife for the support of her children, was tried in the district court wholly upon evidence in the form of affidavits, the supreme court, on appeal, will treat the application as if originally made to and tried by it, and determine the value of the evidence accordingly.

*Appeal from District Court, Ravalli County; R. Lee McCulloch, Judge.*

From an order modifying a decree of divorce in a suit by J. Theo. Brice against Ethel O. Brice, the plaintiff appeals. Affirmed.

*Messrs. Belden & De Kalb,* for Appellant, submitted a brief; *Mr. H. L. De Kalb* argued the cause orally.

The rule governing a proceeding of this nature is said to be the same as governs in proceedings to modify a decree awarding alimony or maintenance money to the wife. (14 Cyc. 813; *Ex parte Gordan,* 95 Cal. 374, 30 Pac. 561.) The procedure must be the same, as the power of court to change an award in either instance is conferred by the same section of the Code. (Sec. 3679, Rev. Codes.) There are three necessary things to be shown by the moving party in such a proceeding: 1. The needs of the applicant; 2. A material change in the circumstances of the party; 3. The ability of the opposite party to comply with a requirement to pay an additional sum. The principal point to be discussed in this brief is the showing made concerning the ability of appellant to pay an additional sum.

The courts are very reluctant to change an award. (2 Am. & Eng. Ency. Law, 2d ed., 137; *Bauman* v. *Bauman,* 18 Ark. 320, 68 Am. Dec. 171; *Buckminster* v. *Buckminster,* 38 Vt. 248, 88 Am. Dec. 652.) The burden of proof was upon respondent. (14 Cyc. 772.)

We contend that no evidence was introduced in support of the petition, on necessary points. The law deals with two kinds of facts—ultimate or operative facts, and probative or evidentiary facts. (Phillips on Code Pleading, secs. 185–187; *Levins* v. *Rovegno,* 71 Cal. 273, 12 Pac. 161.) Ultimate or operative facts support a pleading, while probative or evidentiary facts are necessary in order to have value as evidence. The ultimate facts stated were appropriate so far as assisting the petition as a pleading, but wholly failed as evidence. The petition has no probative value on the necessary point of change in the financial condition of appellant. (*First Nat. Bank* v. *Swan,* 3 Wyo. 356, 23 Pac. 743; *Woods* v. *State,* 134 Ind. 35, 33 N. E. 901; *Haggin* v. *Lorentz,* 13 Mont. 406, 34 Pac. 607; *O'Brien* v. *O'Brien,* 16 Cal. App. 103, 116 Pac. 692; *Pelegrinelli* v. *McCloud River Lumber Co.,* 1 Cal. App. 593, 82 Pac. 695; *Gay* v. *Torrance,* 145 Cal. 144, 78 Pac. 540; *Clark* v. *Jackson,* 222 Ill. 13, 78 N. E. 6; *State* v. *Missouri etc. Tel. Co.,* 77 Kan. 774, 95 Pac. 391; *Griffiths* v. *Justice's Court,* 35 Utah, 443, 100 Pac. 1064; *Robinson* v. *Branch Circuit Judge,* 142 Mich. 70, 105 N. W. 25; 2 Cyc. 24.) Section 7992 of the Revised Codes, permitting affidavits to be used in support of a motion, unquestionably requires probative facts to be set up where the affidavit has a function to perform as evidence. By a perusal of sections 7987, 7988 and 7989, it will be observed that an affidavit, whenever permitted, has the same effect as a deposition or as oral testimony. Only legal evidence is to be resorted to, and not hearsay. (1 Ency. Pl. & Pr. 426.)

The change of circumstances of the parties must be clearly shown. (1 Ency. Pl. & Pr. 431; *Reid* v. *Reid,* 74 Iowa, 681, 39 N. W. 102; *Greenleaf* v. *Greenleaf,* 6 S. D. 348, 61 N. W. 42; 14 Cyc. 786.)

It was proper for the parties to enter into an agreement such as is set forth in the transcript. (Sec. 3695, Rev. Codes.) Such stipulations of the parties are binding. (*Stanfield* v. *Stanfield,* 22 Okl. 574, 98 Pac. 334; *Law* v. *Law,* 64 Ohio St. 369, 60 N. E. 560; *Henderson* v. *Henderson,* 37 Or. 141, 82 Am. St. Rep. 741, 48 L. R. A. 766, 60 Pac. 597, 61 Pac. 136; *Storey* v. *Storey,* 125 Ill. 608, 8 Am. St. Rep. 417, 1 L. R. A. 320, 18 N. E. 329; *Olney* v. *Watts,* 43 Ohio St. 499, 3 N. E. 354; *Julier* v. *Julier,* 62 Ohio St. 90, 78 Am. St. Rep. 697, 56 N. E. 661; *Dickinson* v. *Dickinson,* 50 Colo. 232, 114 Pac. 652; *Whitney* v. *Whitney Elevator etc. Co.,* 180 Fed. 187, 183 Fed. 678, 106 C. C. A. 28.)

We are aware of holdings that stipulations with regard to the custody of children are not absolutely binding upon the courts; yet such stipulations are of a strong constraining force. (*Sargent* v. *Sargent,* 106 Cal. 541, 39 Pac. 931; 14 Cyc. 808, h.) The case at bar is analogous to *Parkhurst* v. *Parkhurst,* 118 Cal. 18, 50 Pac. 9. By the stipulation the appellant surrendered a valuable right. He was, by law, all things being equal, entitled to the custody of the children. (*State ex rel. Giroux* v. *Giroux,* 19 Mont. 149, 47 Pac. 798.)

The testimony being in the form of affidavits, may be fully reviewed by this court. (*Newell* v. *Whitwell,* 16 Mont. 243, 40 Pac. 866; *First Nat. Bank* v. *Hall,* 8 Mont. 341, 20 Pac. 638; *Landsman* v. *Thompson,* 9 Mont. 182, 22 Pac. 1148.)

*Mr. E. C. Kurtz* and *Mr. J. E. Shoudy,* for Respondent, submitted a brief; *Mr. Shoudy* argued the cause orally.

MR. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

On December 20, 1904, the plaintiff brought his action against the defendant for a divorce on the ground of desertion. The defendant filed her counterclaim for divorce, alleging willful desertion and neglect by the plaintiff. On April 10, 1905, the defendant was granted a decree. It awarded to the defendant the custody of her two children, the fruits of the marriage, a

son, Julian, and a daughter, Lilah, aged, respectively, twelve and six years, and provided that the plaintiff should thereafter pay to the clerk annually, to be expended for their maintenance, the sum of $150 or $75 for each, one-half payable on May 1 and the other on November 1 each year until further order. No provision was made for the support of the defendant. On October 20, 1913, the defendant filed her petition in the case, asking that the court modify the decree so as to make it provide that plaintiff pay to her for her support a lump sum of $2,000, to meet her existing necessities, and thereafter to pay her monthly the sum of $100. She asked, also, that the plaintiff be required to pay at once to her the sum of $1,000, and thereafter the sum of $75 monthly for the maintenance of the daughter, the son having in the meantime attained his majority. The hearing was upon the sworn petition and plaintiff's answer thereto, the parties supporting their respective allegations by affidavits. On December 26 the court made an order refusing to allow the defendant any amount, but modifying the decree so as to require the plaintiff to pay to the clerk immediately the sum of $30, and thereafter a like sum on the first day of each month until further order, for the maintenance of the daughter. The plaintiff has appealed.

The contention is made that the evidence submitted was insufficient in several particulars to justify a modification of the decree, all of which may be stated under two heads, *viz.,* that it does not appear that the plaintiff has the means or ability to pay any greater amount than that allowed by the decree, and that it does not appear what the needs of the daughter are. It is contended, further, that the court abused its discretion in modifying the decree, because it appears that the allowance made therein was fixed by stipulation of the parties, and no sufficient reason appears why the stipulation should be disregarded.

In this class of cases the power of the court to provide for the support of the divorced wife is derived from section 3679 of the Revised Codes, which provides: ''Where a divorce is granted for an offense of the husband, the court may compel

him to provide for the maintenance of the children of the marriage, and to make such suitable allowance to the wife for her support, during her life, or for a shorter period, as the court may deem just, having regard to the circumstances of the parties respectively; and the court may, from time to time, modify its orders in these respects."

A modification of a decree embodying a provision for the [1] support of the wife ought not to be made except upon good cause shown. (*Barrett* v. *Barrett,* 41 N. J. Eq. 139, 3 Atl. 689; *Buckminster* v. *Buckminster,* 38 Vt. 248, 88 Am. Dec. 652.) When the application is made by the wife for an increase of her [2] allowance, it must appear that her circumstances have so changed that her needs are such as to render a larger allowance necessary, and that the husband is able, by reason of a change in his circumstances, to pay the additional allowance. The essential facts authorizing or requiring the modification must be established by competent evidence, as in any other case, the burden of proof being upon the applicant. (*Glasscock* v. *Glasscock,* 94 Ind. 163.) The reason for the rule is that it must be presumed that in fixing the amount of the allowance in the decree in the first instance, a full disclosure was made of the conditions as they existed at that time, and that the court thereupon fixed such an amount as they justified. That the allowance so made is inadequate is not ground for the modification of the decree, but a matter subject to correction on appeal; [3] the parties being conclusively bound thereby if they acquiesce in the result until the time for appeal has elapsed. (*Ex parte Spencer,* 83 Cal. 460, 17 Am. St. Rep. 266, 23 Pac. 395; *Bauman* v. *Bauman,* 18 Ark. 320, 68 Am. Dec. 171; *Buckminster* v. *Buckminster, supra;* 2 Bishop on Marriage, Div. & Sep. 877.) The same rule must, in a general way, be regarded as governing applications for a change in the decretal order making provision for the children, though the power of the court is not founded · exclusively upon section 3679, *supra.* This is applicable to cases only in which the ground of divorce is the fault of the husband. Under section 3678 the court may, in any case, before or after

judgment, make such provision for the children as the circumstances require; for though under the decree the husband may be relieved entirely from any obligation to provide for the wife, the court may nevertheless, under section 3678, upon proper application, make such order for their custody and maintenance as the circumstances justify. (*Pearce* v. *Pearce,* 30 Mont. 269, 76 Pac. 289.) As between the husband and wife, an agreement [4] touching the custody and maintenance of the children will be respected and enforced, yet such an agreement cannot, as against the children, divest either parent of the paramount duty imposed upon both by law to support and educate them. (Rev. Codes, secs. 3741, 3742.)

It appears from the evidence that prior to the trial resulting in the decree, the plaintiff conveyed to the defendant all the [5] real estate he then had. From a sale of the property thus conveyed to her, she afterward realized about $5,000, part of which she invested in other real estate in Gainesville, in the state of Georgia. At the present time she possesses this property and her household effects, of an assessed value of $2,150. She is in debt, however, to the amount of $1,800. Until within a few months she has been gaining a support by keeping boarders or working at such employment as she has been able to secure, being the sole provider for the support of the daughter, and also the son, who is affected with epilepsy, and cannot maintain himself. There is evidence tending to show that the property above referred to is of the actual value of $3,000. For some time defendant has been in ill health, unable to keep boarders. Her revenue from this source has thus been cut off. The daughter is not in good health and cannot contribute to her own support. Before the decree of divorce was granted, it was agreed by the parties in writing that in case the court found that the defendant was entitled to a divorce, she should have the "custody and education" of the children, the consideration named being that the defendant should not offer any evidence derogatory to the plaintiff's moral character, or that he was unfit to have the custody

of the children. By the conveyance referred to, the plaintiff left himself entirely destitute of property. He is now engaged in the practice of medicine, enjoying an income from that source which, he stated in his affidavit, is sufficient to support himself and his present wife comfortably. He is possessed of real estate of the value of $4,000, which is encumbered to the amount of $1,500, and owns personal property of the value of $500.

The showing made in support of the application is not as explicit as it might be as to the ability of the plaintiff to contribute to the support of his daughter to the amount awarded by the order. It is not more explicit as to what the daughter's particular needs are. On the whole, however, treating the [6] application as if made originally to this court, which, under the rule governing our review of the order, we must do, because the evidence is all embodied in the form of affidavits, the evidentiary value of which we can determine as well as the district court (*Newell* v. *Whitwell,* 16 Mont. 243, 40 Pac. 866; *Wilson* v. *Barbour,* 21 Mont. 176, 53 Pac. 315; *Gibson* v. *Morris State Bank,* 49 Mont. 60, 140 Pac. 76), we think the order should be sustained.

The affidavits disclose these facts, which in our opinion are controlling: That the mother is in straitened circumstances, having practically exhausted the means which were given her by her husband; that the daughter is at the age when, more than at any other, she needs care and attention and protection from want, and that the father is in comfortable circumstances and, therefore, is presumably able to aid in her support. It is not of importance to inquire how the financial condition of the mother has been brought about. The fact that she has been extravagant, as some of the witnesses state, cannot serve to excuse the father from his duty. The mother is entitled, under the stipulation, to the custody of the daughter. This casts upon her primarily the burden of education and support (sec. 3741); yet, this does not divest the father of the duty to meet his obligation when the mother can no longer support the burden

assumed by her.   The interest of the daughter is the paramount consideration.

The order is affirmed.

*Affirmed.*

MR. JUSTICE SANNER and MR. JUSTICE HOLLOWAY concur.