REFER, RESPONDENT, *v.* REFER, APPELLANT.

(No. 7,512.)

(Submitted March 10, 1936. Decided March 31, 1936.)

[56 Pac. (2d) 750.]

*Mr. Merle C. Groene,* for Appellant, submitted a brief and argued the cause orally.

*Messrs. Belden & DeKalb,* for Respondent, submitted a brief; *Mr. Leonard H. DeKalb* argued the cause orally.

MR. JUSTICE MORRIS delivered the opinion of the court.

This is an appeal from a judgment of the district court of Fergus county modifying a former decree in a divorce proceeding.

Plaintiff and defendant were married in October, 1915, and in February, 1933, the plaintiff was granted a divorce. It appears from the original decree set out in the record that the issue of the marriage was two sons, Lloyd and Duane, who were aged 15 and 13, respectively, at the time the divorce was granted. The custody of the two sons was awarded to the plaintiff, but defendant was granted the privilege of visiting the boys under certain restrictions, and, subject to the consent of each of the minors, the defendant was awarded their care, custody and control during school vacation periods, provided the defendant could furnish suitable quarters for them. It was also provided that the plaintiff might have the minors visit her at her home on proper occasions during such school vacation periods when agreeable to such minors. The court specifically reserved the right to make further orders relative to the custody of the minors if the right of visitation were abused, and the court also specifically reserved "full jurisdiction to make awards as to maintenance for said minors, should the duty imposed by law upon the defendant be not discharged, as he may appear able." The defendant was not required by the decree

of divorce to contribute anything to the support of the minors, and the complaint did not ask for nor was any alimony granted by the court to the plaintiff.

On August 16, 1935, plaintiff filed a motion founded upon the files and records in the divorce proceeding, and supported by her affidavit, praying the court to require the defendant to contribute "specific amounts of money to provide higher education for Lloyd Refer," one of the minors. The affidavit alleges that Lloyd Refer had reached the age of 17 years, had finished his high school work, and was desirous of taking a course in electrical engineering at the State College at Bozeman, Montana; that at the time the divorce was granted plaintiff was employed as a stenographer, and that defendant was not employed and had not been for a long period of time, and that plaintiff had been supporting defendant and the minors mentioned, and continued to support such minors after the divorce was granted; that defendant ultimately obtained employment in the "government service," and from December 15, 1933, to March 1, 1934, received $200 per month and $150 per month thereafter, except for a few months, and that defendant provided clothing "somewhat" for the minors, and in one instance contributed to the expense for medical attention for one of the boys, but defendant made such contributions only as he saw fit; that plaintiff wrote defendant, requesting that he take over the burden of educating Lloyd Refer, but the defendant refused, advising, however, that he had written the Montana senators in Washington seeking permission for the boy to take the entrance examination for West Point, and, if that did not succeed, the burden was on plaintiff to educate the boy. Affiant states she is not strong, is not able to sustain the burden of supporting the minors with the added burden of educating the boy, that she had paid and discharged obligations that existed at the time of the divorce, and the defendant has no burden cast upon him except his own support.

The court issued its citation ordering the defendant to show cause at a date fixed why he should not be required to provide

such sums of money as were necessary to educate the minor at the Bozeman college. Defendant filed a counter-affidavit alleging, among other things, that plaintiff had been continuously employed since the divorce was granted and has been able out of her earnings to support herself and the two boys, pay off the mortgage on the residence, put in valuable improvements, purchase new furniture and an automobile, and purchase an interest in real estate in Fergus county; that affiant was employed for two and a half months from December 15, 1933, to March 1, 1934, at $200 per month and from March 1, 1934, to November 15, 1934, at $150 per month; that affiant since the divorce has contributed approximately $15 a month for the support of the two boys; that, in order to hold his job, he had to purchase a second-hand automobile at $325, and that such auto, his wearing apparel, and $75 due for wages is all the property he possesses; that affiant ''is willing at all times if plaintiff cannot support such minors to assist to the best of his ability in providing them with the necessaries of life but can contribute nothing toward the education of Lloyd Refer at the Bozeman college.''

The hearing on the citation came up on September 12, 1935, but no stenographer was in attendance, and the testimony as presented in the record is given from recollection and is not very satisfactory. The plaintiff is alleged to have testified that her health was not good, that Lloyd Refer desired to attend school at Bozeman, but she did not have sufficient means to send him to that school. There was received in evidence defendant's letter to plaintiff under date of July 30, 1935, to which reference was made by plaintiff in her affidavit and which was in answer to her request that the defendant pay the expenses of the boy at the Bozeman college. The letter expresses great concern in regard to the welfare of the two boys, is exceedingly captious toward the plaintiff, and reminds plaintiff the burden of taking care of the minors is upon her. Plaintiff further testified that defendant had paid nothing toward the upkeep of the home since the divorce, and that plaintiff had

but recently finished paying several hundred dollars of old accounts incurred by the family prior to the divorce; that the furniture in the home was purchased by plaintiff from the proceeds of the sale of her homestead; that she had bought a second-hand automobile for $300 and resold it after she had paid $103.50 of the amount because she could not afford to keep it; that long before the divorce decree she had bought some land and sold it and made $250; that she bought the home, and defendant agreed to pay the interest on an outstanding loan and taxes, but had not done so; that prior to the divorce plaintiff loaned defendant $680 out of her own funds; and that she had loaned no money to anyone except to the defendant. Plaintiff presented, and there was received in evidence, Exhibit B, a note of $680, dated April 1, 1926, signed by the defendant and payable to the plaintiff. On cross-examination, plaintiff's direct examination was substantially repeated, and, in addition, she testified that, since the divorce, she had paid off and discharged the mortgage on the home; put a new roof on and painted the house; that she had no other income than her salary; that up to January 1, 1935, she had been earning $112.50 per month, but since that time she had been earning $125 per month.

Defendant testified "substantially as follows": That Lloyd Refer did not want to go to Bozeman, but desired to take the examination to get into West Point; admitted he had earned $200 a month for two and a half months, and $150 per month for eight and a half months up until November 15, 1934, and that from November 15, 1934, to March 1, 1935, he had been without work and without income; beginning March 1, 1935, he had been and was earning $150 a month, but appeared to think his continued employment was uncertain; that since the divorce and while employed he had contributed on an average $15 per month toward the support and maintenance of the boys; that when the divorce was granted he turned over everything to the plaintiff and walked out of the residence, which he alleges was acquired by their joint efforts; that he was will-

ing to support the minors if plaintiff could not, but would not contribute anything toward the college education for his son Lloyd; that $400 of the $680 note placed in evidence by plaintiff represented "a settlement on a compromise of a debt at the bank," but he made no explanation as to who had incurred the bank debt, and $200 of the amount represented by the note "was used to support the family"; that he expected the plaintiff to "exhaust her earnings before he would help support the boys." Defendant further stated that he was not willing to have the court make an order requiring him to support the boy at Bozeman.

The court thereupon entered an order requiring the defendant to pay plaintiff the sum of $35 per month for the purpose of providing tuition and expense for the education of Lloyd Refer at the Bozeman college during the school year commencing with the 1st day of November, 1935, and entered judgment accordingly. From that judgment appellant appeals.

Counsel for the defendant alleges but a single error, to the effect that the court erred in making the order requiring defendant to pay the plaintiff $35 per month for the purpose of sending the minor son to college. To support this assignment, counsel first contends that the court's order directing defendant to make such payment "was in excess of jurisdiction and the evidence offered does not support such order." On the question of jurisdiction counsel argues, in substance, that the court had jurisdiction to reopen the divorce proceedings and make such changes in the divorce decree as were necessary to require the defendant to contribute to the support of the minors so far as necessaries are concerned, but insists that the court was without jurisdiction to modify the decree to direct defendant to pay for a college education for his son. Section 5833, Revised Codes 1921, and *Brice* v. *Brice,* 50 Mont. 388, 395, 147 Pac. 164, are cited in support of this contention. Counsel makes this remarkable statement: "Under section 5833, Revised Codes of Montana 1921, the duty therefore devolves upon respondent [plaintiff] to support the boys, at least during

the school year." In the case of *Brice* v. *Brice,* supra, 50 Mont. 388, on page 395, 147 Pac. 164, 166, this court said: "The mother is entitled, under the stipulation, to the custody of the daughter. This casts upon her primarily the burden of education and support (sec. 3741); yet, this does not devest the father of the duty to meet his obligation when the mother can no longer support the burden assumed by her." On page 394 of 50 Mont., 147 Pac. 164, 166, the court said: "As between the husband and wife, an agreement touching the custody and maintenance of the children will be respected and enforced, yet such an agreement cannot as against the children, devest either parent of the paramount duty imposed upon both by law to support and educate them." (Secs. 3741, 3742, Rev. Codes 1907.) It is quite obvious that the citation of *Brice* v. *Brice* by counsel for the defendant furnishes very little support for his contention.

It is further contended on behalf of the defendant that the statute relating to the education of minors of divorced parents does not contemplate a college education, and counsel presents an elaborate discussion of the failure on the part of the plaintiff to show any necessity for the college education of Lloyd Refer, and presents this argument: "It is a matter of common knowledge at the present time and during the present economic conditions that the ranks of the unemployed are filled with college graduates; that there is very little opening in any present field of endeavor for the so-called 'white collar workers.'"

Such, in substance, are the contentions advanced in support of defendant's refusal to aid the mother in the education of his son. We think there is small merit in any of the contentions advanced in behalf of the defendant, and we deem it unnecessary to encumber the record with citations to the contrary from numerous authorities cited by plaintiff and others investigated. On the face of the record, we have a splendid example of a devoted mother striving to have her son prepared to meet the battle of life, and in such efforts encounters the indifference

of the father of her son, who appears to entertain but little concern for anything except his own welfare. The father is liable with the mother for the maintenance and education of the son. (Sec. 5790, Rev. Codes 1921.) If the parents are divorced and the mother has the custody of a child and cannot support the burden of its education and maintenance, the burden, at least in part, must be borne by the father. (*Brice* v. *Brice,* supra.) The decree of divorce in the instant case imposed no burden whatever upon the father, obviously for the reason that he was unemployed at the time and was being supported by his wife. He has been employed and earning good wages for two years or more, excepting an interval of a few months. He earns at least $25 per month more than the mother. He should not be heard to object to the money he is required to pay the plaintiff because she chooses to use it to aid in educating the son. In all fairness, defendant might well be required to contribute a specific sum to the maintenance of the boys out of his monthly earnings and relieve the plaintiff of the burden which it is obvious has become too heavy for her, and which it appears she has faithfully discharged heretofore.

In the first part of the brief for plaintiff counsel attacks the defendant's proceedings on appeal on the ground that, proceeding *ex parte* under the provisions of section 9745, Revised Codes 1921, as amended by Chapter 87, Laws 1929, defendant did not comply with the proceeding there set out in that there was no stenographic record made of the testimony and no bill of exceptions settled, and to recite the substance of testimony in the record from memory is irregular, unreliable and uncertain and not recognized by established rules of procedure. Both the clerk and the trial judge certified the record contains the verbal testimony "in substance," and the record as to the evidence in the way of exhibits was certified without exception. By failure to move for dismissal, we think that any such defect in the appeal proceedings was waived under the provisions of section 9747, Revised Codes 1921, and that there is

sufficient in the record to determine the controversy on the merits.

The judgment is affirmed.

MR. CHIEF JUSTICE SANDS and ASSOCIATE JUSTICE MATTHEWS and STEWART concur.

MR. JUSTICE ANDERSON, deeming himself disqualified, takes no part in the foregoing decision.