KANE, RESPONDENT, *v.* KANE, APPELLANT.

(No. 3,767.)

(Submitted April 20, 1917. Decided May 15, 1917.)

[165 Pac. 457.]

*Divorce—Parent and Child—Modification of Decree—Separation Agreement—Power of Court.*

Divorce—Minor Children—Custody and Support.
1. In a proceeding looking to the modification of a decree of divorce which made no provision for the custody, control and education of a minor child, the infant's welfare was of paramount consideration.

Same—Minor Children—Custody and Support—Agreement of Parties.
2. While a separation agreement entered into between husband and wife prior to divorce, by which the latter was given the custody of a minor child upon consenting to support it and releasing the former from any further contributions in that behalf, was binding upon the parties, it was not binding upon the child nor the court, which latter could require the father to contribute to the child's support notwithstanding the release, or permit him to visit it if its interests would thereby be promoted, upon condition that he first make such contribution.

[As to validity of contract made to facilitate procuring of divorce, see note in **Ann. Cas. 1915A, 811.**]

Same—Right of Father to Visit Child.
3. On a husband's petition to modify a divorce decree so as to permit him to visit his minor child, the time, place and duration of the visits, his conduct during such visits, and the extent to which he might have the child in his custody, were all proper subjects for regulation by the court.

Same.
4. Unless it appears with reasonable certainty that a divorced husband is morally unfit to associate with his minor child, he should, in view of the fact that the tie between parent and child is one of the most binding in human life and not lightly to be disregarded, be granted the privilege.

Same—Removal of Child from Jurisdiction—Power of Court.
5. In such a proceeding as the above, the court may forbid the party to whom the custody of a minor child has been awarded to remove it from its jurisdiction.

*Appeal from District Court, Valley County; Frank N. Utter, Judge.*

On right of divorced persons to contract as to the custody of children, see note in 15 L. R. A. (n. s.) 744.

On the question of validity of agreement between parents as to custody of children pending divorce, see note in 2 L. R. A. (n. s.) 201.

DIVORCE SUIT by Margaret A. Kane against Richard H. Kane. From an order denying a petition to modify the decree, defendant appeals. Reversed and remanded.

*Messrs. Norris, Hurd & McKellar,* for Appellant, submitted a brief; *Mr. Edwin L. Norris* argued the cause orally.

It is elementary that the action of the court, in cases of this nature, should be for the best interests of the child. (*State ex rel. Giroux* v. *Giroux,* 19 Mont. 149, 47 Pac. 798; *Pearce* v. *Pearce,* 30 Mont. 269, 76 Pac. 289; *State ex rel. Nipp* v. *District Ct.,* 46 Mont. 425, Ann. Cas. 1916B, 256, 128 Pac. 590; *Brice* v. *Brice,* 50 Mont. 388, 147 Pac. 164; *Crater* v. *Crater,* 135 Cal. 633, 67 Pac. 1049; *Bailey* v. *Bailey,* 17 Or. 114, 19 Pac. 844; *Kentzler* v. *Kentzler,* 3 Wash. 166, 28 Am. St. Rep. 21, 28 Pac. 370; *Umlauf* v. *Umlauf,* 128 Ill. 378, 21 N. E. 600; *Bryan* v. *Lyon,* 104 Ind. 227, 54 Am. Rep. 309, 3 N. E. 880; *Corrie* v. *Corrie,* 42 Mich. 509, 4 N. W. 213.) To the end that this result may be accomplished, the courts are given a wide range of discretion, in the proper exercise of which their decisions cannot be questioned. (*Miner* v. *Miner,* 11 Ill. 43; *Stetson* v. *Stetson,* 80 Me. 483, 15 Atl. 60; *Luck* v. *Luck,* 92 Cal. 653, 28 Pac. 787; *Meyer* v. *Meyer,* 100 Va. 228, 40 S. E. 1038; *Chambers* v. *Chambers,* 75 Neb. 850, 106 N. W. 993; *Dubois* v. *Johnson,* 96 Ind. 6; *Willcox* v. *Hosmer,* 83 Mich. 1, 47 N. W. 29; *Pittman* v. *Pittman,* 3 Or. 553; *Lusk* v. *Lusk,* 28 Mo. 91; *Black* v. *Black,* 5 Mont. 15, 2 Pac. 317.) For the good of the child and in the exercise of such discretion, the court may modify a decree previously given, regarding the custody of the child. (*Pearce* v. *Pearce, supra; Breedlove* v. *Breedlove,* 27 Ind. App. 560, 61 N. E. 797; *Burge* v. *Burge,* 88 Ill. 164; *Page* v. *Page,* 161 N. C. 170, 76 S. E. 619; *Gadsby* v. *Gadsby,* 65 Or. 309, 131 Pac. 1022; *Black* v. *Black,* 149 Cal. 224, 86 Pac. 505; *Stone* v. *Stone,* 158 Ind. 628, 64 N. E. 86; *Oliver* v. *Oliver,* 151 Mass. 349, 24 N. E. 51; *Phipps* v. *Phipps,* 168 Mo. App. 697, 154 S. W. 825; *Bates* v. *Bates,* 166 Ill. 448, 46 N. E. 1078; *Shallcross* v. *Shallcross,* 135 Ky.

418, 122 S. W. 223; *Andrews* v. *Andrews,* 15 Iowa, 423; *McGill* v. *McGill,* 19 Fla. 341; *Perry* v. *Perry,* 17 Misc. Rep. 28, 39 N. Y. Supp. 863.)

Save in exceptional cases, it is for the best interests of the child that the parent in default should be allowed to visit under proper supervision by the court. (*Burge* v. *Burge,* 88 Ill. 164; *Perry* v. *Perry,* 17 Misc. Rep. 28, 39 N. Y. Supp. 863; *Gadsby* v. *Gadsby,* 65 Or. 309, 131 Pac. 1022; *Bates* v. *Bates,* 166 Ill. 448, 46 N. E. 1078; *Powers* v. *Powers,* 164 App. Div. 533, 150 N. Y. Supp. 213; *Bedolfe* v. *Bedolfe,* 71 Wash. 60, 127 Pac. 594; *Barlow* v. *Barlow,* 28 Ky. Law Rep. 664, 90 S. W. 216.)

In this case the facts show that appellant's business keeps him at all times in Glasgow, which has been the home of both of the parties and the child for some time. If the child is removed from such city, the appellant's right and privilege of visitation will be lost to him. In such case it is proper that the court should make an order that the child should not be removed from Glasgow. (*Miner* v. *Miner,* 11 Ill. 43; *Chase* v. *Chase,* 70 Ill. App. 572; *People* v. *Paulding,* 15 How. Pr. (N. Y.) 167; *Wald* v. *Wald,* 168 Mo. App. 377, 151 S. W. 786; *Ex parte Ellerd,* 71 Tex. Cr. 285, Ann. Cas. 1916D, 361, 158 S. W. 1145; *State ex rel. Nipp* v. *District Court, supra.*)

*Messrs. Slattery & Kline,* for Respondents, submitted a brief; *Mr. John L. Slattery* argued the cause orally.

The trial court enjoys a very extensive discretion in the disposition of the minor children of the parties to a divorce action, both before and after decree, and in modifying a decree to that end, and its conclusion will not be set aside unless the record discloses a clear abuse of that discretion. In this case, to deny appellant's petition, the trial court must have believed the evidence of respondent, and if there is any evidence justifying the denial, the order refusing to modify the decree must be affirmed. (*Simmons* v. *Simmons,* 22 Cal. App. 448, 134 Pac. 791; *Dickerson* v. *Dickerson,* 108 Cal. 351, 41 Pac. 475; *Oliver* v. *Oliver,*

151 Mass. 349, 24 N. E. 51; *Hedrick* v. *Hedrick,* 128 Ind. 522, 26 N. E. 768; *Powell* v. *Powell,* 53 Ind. 513; 14 Cyc. 814.)

All the evidence upon which the trial court may have acted is not before the supreme court. In addition to the evidence submitted at the hearing, and in determining whether appellant should be permitted to visit the child, the trial court could consider the testimony given at the trial of the divorce case, the trial of the divorce case and the hearing on the petition having been held before the same judge. What was the testimony at the trial of the divorce case cannot be known from the record before us. As the order denying appellant's petition may have been based wholly or in part upon such evidence, the supreme court is not in a position to say that the order is erroneous. (*Simmons* v. *Simmons, supra; Crater* v. *Crater,* 135 Cal. 633, 67 Pac. 1049.)

Before the divorce, appellant and respondent provided for the custody and support of the child. This agreement was made as a separation agreement, and not with a divorce in mind. The agreement, therefore, is a separation agreement, and to be construed with reference to the law governing such agreements. An agreement between husband and wife for immediate separation is valid. (Sec. 3695, Rev. Codes; *Stebbins* v. *Morris,* 19 Mont. 115, 47 Pac. 643; *State* v. *Giroux,* 19 Mont. 149, 47 Pac. 798.) Such agreement may provide for the custody or support of the children during separation. (*State* v. *Giroux, supra;* 21 Cyc. 1592.) The fact that a divorce is thereafter obtained does not invalidate the agreement. (*Stebbins* v. *Morris, supra.*) A consideration is necessary as in other contracts. (21 Cyc. 1593.) The rules of construction applied to contracts and deeds in general are applicable. (21 Cyc. 1595.) One party to the agreement may not assert a claim thereunder and at the same time deny a right conferred by it. (*State* v. *Giroux, supra.*) Provisions in such an agreement relative to the custody or support of a child will be enforced, unless the welfare of the child demands otherwise. (*Brice* v. *Brice,* 50 Mont. 388, 147 Pac. 164.)

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On April 10, 1915, Richard H. Kane and Margaret Kane, his wife, entered into a separation agreement which, among other things, provided that the wife, in consideration of $1,500 paid to her, relinquished all claims against the husband and his property, and agreed to support, maintain and educate the minor child, the issue of the marriage, at her own proper expense and without further cost or expense to the father. On the same day the wife was awarded a decree of divorce on the ground of extreme cruelty, but no mention whatever was made of the child. The father undertook to visit the child, but was prevented by the mother, and on May 20, 1915, he petitioned the court to modify the decree so as to permit him to see the child under such regulation as the court might impose, and to prohibit the mother from removing the child from Glasgow, where both parents then resided. In response to an order to show cause the mother answered, pleading the settlement agreement and alleging that it was understood by both parties to it that the mother was to have the exclusive custody of the child, and that the father was not to enjoy the privilege of visiting it; that the father's visits are intended to and do annoy and vex the mother, and that the father is not a fit or proper person to associate with a child of such tender years. The answer concludes with a prayer that the father's petition be denied, that the decree be modified so as to require the father to contribute to the support of the mother and child, and that the father be compelled to pay an attorney fee on account of the supplemental proceedings. At a hearing had, the father and mother testified at length. The court denied the father's petition, but made no order upon the counterpetition of the mother. From the order made, this appeal is prosecuted.

There is not any controversy over the rules of law applicable, and practically no dispute as to the facts developed at the hearing. While there is some evidence which reflects unfavorably

upon the father, it seems reasonably certain that it could not have been deemed sufficiently prejudicial of itself to warrant the order which, in effect, denies the father the right to see or communicate with his child altogether. As we understand the testimony, the mother's objection to the father's visits is not grounded upon the latter's moral unfitness to associate with the child, but rather upon the fact that such visits annoy her and interfere with her work, and particularly upon the theory that, since under the separation agreement she is compelled to support the child, the father has no right to visit it so long as he does not contribute to its maintenance, and it must have been this theory which found favor with the court.

We are unable to agree with counsel for respondent as to the character of the proceeding instituted by the father in filing his [1] petition in the court below. Whatever may have been his intention in the premises, what he actually did was to invoke the jurisdiction of the court to modify the divorce decree so as to provide for the custody, control and education of the child (subjects omitted altogether from the decree as originally rendered), as authorized by section 3678, Revised Codes. It would be difficult to conceive of a legal proceeding to regulate the father's visits to the child, independently of an order providing for its custody and control. Likewise the counterpetition of the mother, in legal effect, had the like purpose in view. It invoked the jurisdiction of the court to modify the decree so as to provide for the support and maintenance of the child. Under these circumstances, the welfare of the child should have been the paramount consideration with the court. (*Brice* v. *Brice,* 50 Mont. 388, 147 Pac. 164.)

Though the separation agreement is binding upon the parties [2] to it and regulates their rights and obligations *inter sese,* it is not binding upon either the child or the court. If its provisions for the care of the child are inadequate or become inadequate, the father may be called upon to supplement them by further contributions, notwithstanding the agreement by the

mother releasing him from further costs or expenses. The child is the ward of the court, and, even if the parents agreed that the father should not enjoy the privilege of seeing his offspring, the court may nevertheless authorize him to visit it if the interests of the child will be thereby promoted.

The evidence does not support the mother's contention that the father relinquished his right to see the child, or that she understood that he agreed to do so, and that such understanding on her part was a substantial inducement to her to enter into the separation agreement. She testified that though the terms of the agreement were discussed fully beforehand, she did not know that she was to have the custody of the child until the agreement was finally submitted for her signature.

The conditions under which the father's visits may be made, [3] the time, place and duration of them, his conduct during such visits, and the extent to which he may have the child in his custody, are all proper subjects for regulation by the court. It cannot be said that by the modification sought, the father gains a distinct advantage without any concomitant burden. When he submitted to the jurisdiction of the court, he was there for any proper order the court might make, and if the court requires him, as a condition precedent to his right to visit his child, that he make further reasonable contributions to its support, he will not be in any position to complain.

Since both father and mother applied for such modification [4] of the decree as would provide for the child's welfare as well as secure them in the rights to which they deem themselves entitled, and since it is apparent that the provisions of the contract are inadequate for either purpose, we think the court was called upon to make some appropriate order to meet those ends. Unless it can be said with reasonable certainty that the father is morally unfit to associate with the child, the dictates of humanity call for such regulations as will permit him to see his own offspring. "It must be borne in mind that the tie between parent and child is one of the most binding in human life, one which the law of nature itself has established. No

legislation, no judicial interpretation of legislation, should lightly disregard the reciprocal duties of this relationship." (*State ex rel. Giroux* v. *Giroux,* 19 Mont. 149, 47 Pac. 798.)

In our judgment, this record presents a case wherein the court failed to exercise its discretion when it should have done so, rather than a case wherein it abused its discretion.

While the court might, with propriety, forbid the mother to **[5]** remove the child from the jurisdiction of the court, there was no such showing made, if indeed there could be, which would justify the court in compelling the mother to reside permanently in the same city as the father may choose as his place of residence.

The order is reversed and the cause is remanded, with directions to the trial court to take such further proceedings as will result in a proper modification of the decree, in conformity with the views herein expressed.

*Reversed and remanded.*

Mr. Chief Justice Brantly and Mr. Justice Sanner concur.