THE HON. WILLIAM L. HOLLOWAY,
THE HON. ALBERT J. GALEN,
THE HON. ALBERT P. STARK,
THE HON. JOHN A. MATTHEWS,
} Associate Justices.

---

HARBOLDT, APPELLANT, v. HENSEN, RESPONDENT.

(No. 5,869.)

(Submitted February 24, 1926. Decided March 3, 1926.)

[244 Pac. 488.]

*Attachment—Writ Does not Lie, When—Waiver of Right.*

Attachment—Merged in Judgment.
  1.  Where an attachment exists at the time of judgment in favor of the attaching creditor, it becomes merged in the judgment.
Same—May not Issue, When.
  2.  Attachment may not issue upon a cause of action which has ripened into judgment.
Same—Waiver of Right.
  3.  Under the rule that where a party accepts the benefits or advantage given him by an order of court he cannot appeal therefrom, where plaintiff, after judgment by default against defendant had been set aside, attached the latter's property which he could not have done if the judgment had not been set aside (see par. 2), he waived his right to appeal from the order vacating the judgment.

---

[1] Attachment, 6 C. J., sec. 521, p. 269, n. 43; sec. 522, p. 271, n. 53, 54.  Judgments, 34 C. J., sec. 870, p. 568, n. 81.
[2] Attachment, 6 C. J., sec. 117, p. 87, n. 56; sec. 320, p. 176, n. 9.
[3]. Appeal and Error, 3 C. J., sec. 571, p. 686, n. 97.

(512)

*Appeal from District Court, Blaine County; Charles A. Rose,* *Judge.*

ACTION by Ira S. Harboldt against William R. Hensen. From an order vacating a default judgment, plaintiff appeals. Appeal dismissed.

On motion to dismiss appeal.

*Mr. W. B. Sands,* for Appellant.

*Mr. D. L. Blackstone* and *Messrs. Rhoades, Hall & McCabe,* for Respondent.

MR. CHIEF JUSTICE CALLAWAY delivered the opinion of the court.

The plaintiff, on June 26, 1925, obtained a judgment by default against the defendant for the sum of $4,699.85 and costs. Upon the application of defendant the court, on September 28, 1925, entered an order setting aside the default and vacating the judgment. After the entry of this order, and on the same day, the plaintiff sought to avail himself of the ancillary remedy of attachment to secure the amount he claimed to be due him from the defendant; to that end he filed in the action affidavit for attachment in which he set forth that the defendant was then indebted to him in the sum of $4,699.85, and the statutory undertaking. The writ issued and pursuant to it the sheriff, on the same day, attached approximately 9,204 acres of land standing on the records of Blaine county in the name of the defendant. The levy has never been released. On October 22 the plaintiff filed notice of appeal from the order of the court made on September 28, 1925, "granting the motion of the defendant to open the default and set aside the judgment," and in due time filed transcript and briefs with the clerk of the court. The defendant has moved to dismiss the appeal, the motion having

been served on the attorney for plaintiff upon February 10, 1926. The plaintiff has not filed any resistance to the motion.

In a proper case "the plaintiff, at the time of issuing the summons, or at any time afterward, may have the property of the defendant attached, as security for the satisfaction of any judgment that may be recovered," *etc.* (Sec. 9256, Rev. Codes 1921.) As will be noted the foregoing section presupposes that attachment proceedings must be prior to judgment, and this presupposition the entire chapter relating to attachments confirms.

Judgment having been entered and still being in effect, attachment will not lie. There being a judgment, execution will issue pursuant to which a levy upon the defendant's property may be made, sale following. If an attachment exists [1] at the time of judgment in favor of the attaching creditor, it becomes merged in the judgment. (*Bagley* v. *Ward,* 37 Cal. 121, 99 Am. Dec. 256; *Oliver* v. *Wright,* 47 Or. 322, 83 Pac. 870; *Great Falls Nat. Bank* v. *McClure,* 176 Fed. 208, 99 C. C. A. 562.)

From the date the writ of attachment is levied the property seized is impressed with a lien (sec. 9288, Rev. Codes 1921) which continues in force until judgment, and if the judgment is in favor of the party procuring the attachment, the property is subject to sale in satisfaction of the judgment (sec. 9276, Rev. Codes 1921; *Moreland* v. *Monarch Min. Co.,* 55 Mont. 419, 178 Pac. 175).

A judgment is itself a lien on the nonexempt property of the debtor in the county or counties wherever the judgment is docketed (*Rockefeller* v. *Dellinger,* 22 Mont. 418, 74 Am. St. Rep. 613, 56 Pac. 822); while the judgment exists the creditor may not avail himself of the remedy of attachment because in order to obtain the issuance of the writ he must make affidavit that the payment of the amount claimed "has not been and is not now secured by any mortgage, lien or pledge upon real or personal property." Moreover, having a judgment upon which execution could be obtained, the credi-

[75 Mont. 512.]

tor might reach the same end by causing a levy upon property which otherwise would be subject to attachment.

To sum up, under our statutes, attachment may not issue [2] upon a cause of action which has ripened into judgment. Plaintiff cannot be permitted to maintain the judgment and at the same time to sue out a writ of attachment upon the cause of action upon which the judgment is based. When he sued out the writ he conceded, or will be held to have conceded, that the judgment no longer had any existence. Otherwise, if on appeal the action of the trial court were declared erroneous and the judgment declared valid, we should have an attachment in clear violation of statutory provisions.

In *Parr* v. *Webb,* 40 Mont. 346, 106 Pac. 353, this court [3] held that where the district court granted the vacation of a default judgment and leave to answer on condition that defendant pay to plaintiff the costs theretofore accrued, the latter, by accepting the costs, waived his right to appeal from the order. The court said: "The right to accept the fruits of an order, and the right to appeal therefrom, are not concurrent. On the contrary, they are toally inconsistent. An election to take one of these courses is a renunciation of the other. (*In re Shaver's Estate,* 131 Cal. 219, 63 Pac. 340.) A party cannot accept the benefit or advantage given him by an order, and then seek to have it reviewed. (*San Bernardino County* v. *Riverside County,* 135 Cal. 618, 67 Pac. 1047.)"

When the plaintiff availed himself of the remedy of attachment, which he could not have had, the judgment existing, he must be held to have accepted the benefit of the order which set aside the judgment.

The appeal is dismissed.

*Dismissed.*

ASSOCIATE JUSTICES HOLLOWAY, GALEN, STARK and MATTHEWS concur.