KATE G. COHEN *v.* SAM COHEN

[Nos. 26, 27, January Term, 1938.]

*Decided March 9th, 1938.*

62

[redacted]

The causes were argued before BOND, C. J., URNER, OFFUTT, PARKE, SLOAN, MITCHELL, SHEHAN, and JOHNSON, JJ.

*Avrum K. Rifman,* for the appellant.

*Benjamin L. Freeny,* for the appellee.

JOHNSON, J., delivered the opinion of the Court.

By decree of the Circuit Court No. 2 of Baltimore City, passed on January 13th, 1937, Kate G. Cohen was divorced *a vinculo matrimonii* from Sam Cohen, and, in accordance with an appropriate prayer of the bill of complaint, the decree further provided: "And it is further ordered, adjudged and decreed that the custody of the infant child of the parties, Harold Joseph Cohen, be and it is hereby awarded unto the Complainant, Kate G. Cohen, subject to the further Order of Court; and that the Respondent, Sam Cohen, pay unto the Complainant, Kate G. Cohen, as alimony for the support of herself and the infant child at the rate of Seven Dollars and Fifty Cents ($7.50) per week, payable through the Probation Department."

Subsequently Sam Cohen discontinued making the weekly payments specified in said decree, and, at the request of Mrs. Cohen, the former husband was by the probation department of the Supreme Bench of Baltimore City notified to appear in court and answer contempt proceedings for failing and neglecting to make such payments. A hearing was held thereon on November 26th, 1937, and the chancellor on December 8th filed a memorandum that, under the terms of the decree, "the award of $7.50 provided therein for the support of the infant child in the proceedings, as well as alimony for

the plaintiff," could not, under the decisions of the Court of Appeals of Maryland, be enforced by an action of contempt. He accordingly, as of the date of the hearing, dismissed the contempt proceedings brought against the former husband on behalf of the wife. An appeal from this order by Kate G. Cohen appears in No. 26.

On the date of the hearing in the contempt proceedings, the former wife filed a petition in the same court reciting the passage of the decree of divorce, and the allowance therein of the weekly sum "for the support of herself and the infant child" of the parties; further that the chancellor in passing said decree had failed to apportion the part of said weekly sum for the wife as alimony and that part which was intended for the support of the infant child. The prayers of that petition were (a) for clarification of the original decree; (b) for general relief. To this petition, Sam Cohen filed a demurrer, and, after hearing, this was sustained by the chancellor. It is from this order that the appeal in No. 27 is prosecuted.

We will first consider the appeal in No. 26. It is urged by counsel for appellee that the provision contained in the original decree of divorce for the payment of Kate G. Cohen "as alimony for the support of herself and the infant child" is not in fact alimony, but that a part of it must be regarded as a provision for the support of the infant, and since, in cases of this character, the jurisdiction of equity to hold appellee in contempt is limited strictly to his failure to pay alimony, the order dismissing the contempt proceedings is proper. Such an argument is unanswerable if the correctness of its first premise be assumed. Code, art. 26, sec. 4; *Miller's Equity Proc.*, sec. 244; *Bushman v. Bushman,* 157 Md. 166, at page 174, 145 A. 488, 491, and authorities there cited.

In *Wallingsford v. Wallingsford,* 6 H. & J. 485, alimony was defined by our predecessors as "A maintenance afforded to the wife, where the husband refuses to give it, or where from his improper conduct, he compels her to separate from him. It is not a portion of his real

estate, to be assigned to her in fee simple, subject to her control, or to be sold at her pleasure, but a provision for her support, to continue during their joint lives, or so long as they live separate." This definition has been recognized in many subsequent decisions, and in *Bushman v. Bushman, supra,* it is said: "Alimony is a periodical allowance for the wife's support when she is separated or divorced from her husband, and so is in the form of a sum of money to be paid from time to time out of the property or wages of the husband. It continues during the joint lives of the husband and wife, or so long as they live separate and apart."

In 2 *Bishop on Marriage, Divorce and Separation,* pages 401 to 407, inclusive, under the title "Permanent Alimony," will be found an interesting discussion of facts to be considered in determining the amount to be allowed, and it is there said (section 1019), "It is important to consider whether there are children or other relatives to be supported or educated and on whom rests the burden." See, also, 2 *Schouler on Marriage, Divorce and Separation,* secs. 1814-1827, inclusive.

In support of his contention that the provision contained in the decree for the payment to the wife of $7.50 weekly is not alimony, appellee's counsel places much reliance upon the decision of this court in *Bushman v. Bushman, supra,* but the facts in that case are not analogous to the situation disclosed by this record. There an agreement of the parties relating to counsel fees, alimony, maintenance, and custody of the children was incorporated in the divorce decree, such provisions being set forth in separate paragraphs. For this reason, the court held no confusion to exist respecting the two liabilities of the husband, further that the former husband could be attached for contempt only when he defaulted in payments of alimony set forth in the decree. However, it was also found that the decree in that case was not for alimony within the meaning of the Maryland statute, but was for the payment of a specified sum of money in accordance with the agreement of the parties, and the

defendant could not, therefore, be punished by imprisonment because of his refusal to pay the money as decreed.

In the present case, by the second paragraph of the decree, the chancellor first awarded the custody of the infant child of the parties to the plaintiff, Kate G. Cohen. It was next provided that the defendant therein, Sam Cohen, pay unto his former wife "as alimony for the support of herself and their infant child" at the rate of $7.50 per week, through the probation department. This part of the decree, therefore, by its own terms awards alimony to the successful contestant in that proceeding. In making this award, the needs and circumstances of Mrs. Cohen were necessarily elements for consideration, for, as said in *Wheeler v. Wheeler*, 18 Ill. 39: "As applied to the marital relation, [alimony] is that maintenance or support which the husband, on separation, is bound to provide for the wife, and is measured by the wants of the person entitled to it, and the circumstances or ability of him who is bound to furnish it."

In our judgment, this provision of the decree goes no further than to recognize such needs in fixing the amount of alimony. For this reason it must be held that the chancellor erred in dismissing appellant's petition to have appellee held in contempt of court.

It being our opinion that the weekly payments provided for in the divorce decree are alimony, it becomes unnecessary to review the subsequent order of the chancellor sustaining appellee's demurrer to the petition of Kate G. Cohen for clarification of that decree. Since that petition must be regarded as wholly unnecessary, the order will not be disturbed.

> *Order in No. 26 reversed, order in No. 27 affirmed; with costs to appellant in both cases.*