STATE ex Rel. TOWNE, Relator, v. DISTRICT COURT et
AL., Respondents.
(No. 8,345.)
and
TOWNE, Respondent, v. TOWNE, Appellant.
(No. 8,352.)
(Submitted September 14, 1942. Decided December 2, 1942.)
[132 Pac. (2d) 161.]

(1)

*Mr. Harlow Pease*, for Relator and Appellant, submitted a brief, and argued the causes orally.

*Messrs. McCaffery & McCaffery*, for Respondent District Court in the original proceeding, and for Respondent Katherine R. Towne on the appeal, submitted a brief; *Mr. J. J. McCaffery* argued the cause orally.

MR. JUSTICE ERICKSON delivered the opinion of the court.

On September 6, 1935, Katherine R. Towne, respondent, sued Charles W. Towne, the relator and appellant, in the district court for Deer Lodge county for divorce, attorneys' fees, alimony and custody of the minor daughter of the parties. While the ▉ action was pending on the demurrer filed by relator on September 7, 1935, the parties entered into an agreement for the settlement of their property rights and submitted it to the court. This instrument, hereafter called the "1935 agreement," recited that the parties had agreed with respect to "the amount to be paid to the first party by the second party as for support for herself and the minor child of the parties hereto, with respect to other of their property rights with respect to attorneys' fees and costs of court, and with respect to the cus-

tody of said minor child, all subject to the approval of the above-named court." The instrument provided that, on the contingency that a decree of divorce absolute be awarded to respondent, and subject to the approval of the court, the agreement "shall be and constitute the rights and obligations of the parties hereto in lieu of the relief sought by the party of the first part in her aforesaid action * * *." Paragraph 1 of the agreement provides that the respondent shall have the care, custody and control of the minor daughter. Paragraph 2 provides that the relator shall pay to the respondent the sum of $150 monthly "as and for the support and maintenance of the first party and the aforesaid minor child, * * *." It is further provided in Paragraph 2 that in the event the respondent remarried or became possessed of an income sufficient to support herself, the obligation of the relator to pay $150 a month should terminate "and that, thereafter, obligation with respect to the support and maintenance of said minor child, Patricia, shall be determined either by mutual agreement of the parties thereto, subject to the approval of the court, or otherwise as the law shall provide." Then follow in succeeding paragraphs provisions relative to the disposition of real and personal property of the parties.

The cause was submitted to the court and decree of divorce was entered on September 7, 1935. It recited: "From the evidence so submitted the court found that plaintiff and defendant, subsequent to the filing of the complaint herein, had agreed upon a settlement of their property rights, with respect to the amount of monthly alimony to be paid to plaintiff, with respect to attorneys' fees and costs of action, and with respect to the custody of the minor child of plaintiff and defendant, all subject to the approval of the court, * * *. Wherefore, the law and the premises considered, *the court hereby approving the terms of the settlement hereinabove referred to,* it is ordered, adjudged and decreed * * * that plaintiff * * * is hereby granted a divorce absolute from defendant * * * and there is hereby awarded to her the care, custody and control of * * *

the minor child of plaintiff and defendant, subject to the right of the defendant, with respect to the visitation and companionship of said minor as set out in the agreement above-mentioned * * *.'' Except for the reference to the agreement in the preamble to the decree as set out above and the provisions in the decree itself for the custody of the minor child, the order of the court is silent as to support money for the wife and child.

The minor daughter attained her majority on April 21, 1941. Relator continued to pay respondent $150 a month in accordance with the agreement until the end of the calendar year of 1941. When the December, 1941, payment was made, relator notified respondent that the payments would cease *in toto* as of that date. On February 9, 1942, respondent filed in the court of the first department of Silver Bow county an action upon the contract for the recovery of $300 accrued and due for the months of January and February of 1942. Attachment was issued and levied. Relator filed a motion to discharge the attachment on the ground that there was no contract for the direct payment of money and that the divorce court, the district court of Deer Lodge county, had continuing and exclusive jurisdiction of the subject matter involved. Respondent amended her complaint to include an additional $150 accrued under the alleged contract for the month of March, 1942. A writ of attachment was issued and levied in the amount claimed. Relator thereupon moved to discharge the second writ on the same ground as stated in the prior motion. Both motions filed by relator were denied on May 22, 1942, and the appeal is from the order of the court. Subsequent to the filing of the suit in February, 1942, the relator filed a motion in the original divorce action in Deer Lodge county to modify the decree as to the amount of the monthly payments. Relator contended in that motion that, since the daughter referred to in the decree had become an adult, a material change of conditions resulted, and that until modified to conform to the changed circumstances the decree was ineffective. The motion was heard on April 21, 1942, but no decision with respect thereto has been reached by the court. After

6

the bill of exceptions in the Silver Bow cause was settled, but before the filing of the notice of appeal, respondent began a second action in the second department of Silver Bow county for $450, accrued and due for the months of April, May and June, 1942. A writ of attachment was duly issued and levied in accordance with the complaint and affidavit.

On July 11, 1942, the relator filed in this court a petition for an alternative writ of injunction on the grounds that he was being subjected to a multiplicity of actions arising from the same subject matter, depriving him of an adequate, speedy remedy at law. The order to show cause was issued by this court on July 11th. The respondent moved that the order to show cause be quashed. The appeal and the special proceeding were in this court consolidated.

The relator first urges that his obligation to pay to the respondent $150 a month is not based upon a contract but upon the decree of the court in the divorce action, and, therefore, attachment will not lie. His view is that the 1935 agreement was in the nature of a stipulation of what the court might provide in its decree, and that the approval of the 1935 agreement by the court amounted to its incorporation in the decree. With this view we do not agree. The instrument clearly reveals the intention of the parties to enter into a contract respecting the amount of the support money for the wife and minor child, as well as for the settlement of the property rights. It specifically provides that the respondent accepts the provisions of the agreement in lieu of the relief sought by her original complaint. The court's approval of the terms of the agreement was effective to make it operative by its own terms, and also as an indication that the court thought the matters therein dealt with sufficiently covered so as to obviate the necessity for provision for them in the decree itself. The court in its reference to it used language which characterized the document as an agreement or contract. It is significant to note that the court did specifically provide in the decree for the custody of the child, even though the agreement also contained a similar provision. Such

contracts are recognized by our legislature in sections 5786, 5787 and 5788 of the Revised Codes of 1935, and by the reported decisions of this court. (*Kane* v. *Kane*, 53 Mont. 519, 165 Pac. 457; *Brice* v. *Brice*, 50 Mont. 388, 147 Pac. 164; *State ex rel. Floch* v. *District Court*, 107 Mont. 185, 81 Pac. (2d) 692.) This court has held repeatedly that such an agreement is binding upon the parties to it and regulates the rights and obligations *inter sese.* (*Kane* v. *Kane*, supra; *Brice* v. *Brice*, supra, and *State ex rel. Floch* v. *District Court*, supra; and see generally 17 Am. Jur. 543 to 546.)

The California courts have held under fact situations similar to the ones here in question that the rights of the parties rest upon the contract and not the decree. (*Schnerr* v. *Schnerr*, 128 Cal. App. 363, 17 Pac. (2d) 749; *Baxter* v. *Baxter*, 3 Cal. App. (2d) 676, 40 Pac. (2d) 536.) In the recent case of *Doig* v. *Palmer*, 97 Utah 150, 91 Pac. (2d) 443, 444, a property settlement agreement was made which covered also the matter of custody of minor children and it was submitted to the court for its approval, but, as in this case, the terms of the agreement were not incorporated in the decree, and the court held that the rights of the parties rest upon the contract and not the decree, saying that the rights "are contractual and not decreed rights and obligations," citing the two California cases heretofore cited, i. e., *Schnerr* v. *Schnerr*, supra, and *Baxter* v. *Baxter*, supra; and see the recent case of *Lazar* v. *Superior Court in and for City and County of San Francisco*, 16 Cal. (2d) 617, 107 Pac. (2d) 249.

Relator and appellant next urges that attachment will not lie, as the contract is not for a sum certain. As noted above, the contract provided "for support for herself [respondent] and the minor child of the parties hereto" and that the sum of $150 per month was to be paid "as and for the support and maintenance of the first party and the aforesaid minor child." It is his view that once the daughter attained majority he was no longer liable for her support. The contract is silent as to what portion of the $150 a month is to be used for the

support of the child and as to whether and how much the payment is to be reduced upon her attaining majority. While the contract makes provision for modification upon the remarriage of the respondent or upon her obtaining a certain income, nothing is said therein as to any modification in the amount to be paid when the daughter reached the age of majority. We must take this contract as we find it and we cannot here rewrite it. If the contract is incomplete in its failure to make provision for suitable adjustment of the monthly payment to be made upon the majority of the daughter, that is a matter that can be cured only by an appropriate action in equity for reformation or some other suitable proceeding. Unless and until such reformation is had, the contract is one for a sum certain and therefore attachment lies. (Sec. 9256, Rev. Codes 1935.)

It is contended by relator and appellant that the affidavit ▮ for attachment is insufficient in that it does not set out the terms of the contract sued upon, but instead is in the words of the statute, section 9257, Revised Codes. That is all that is required. (*Newell* v. *Whitwell*, 16 Mont. 243, 40 Pac. 866; see, also, 3 Bancroft on Code Pleading & Remedies, secs. 2346, 2347.)

The motion to quash the alternative writ is granted and the order of the court overruling the motion of relator to discharge the attachment is affirmed.

MR. CHIEF JUSTICE JOHNSON and MR. JUSTICE ANDERSON concur.

MR. JUSTICE MORRIS:

I dissent. I am not in accord with the majority in the following particulars:

1. The award of $150 per month to the wife was intended by the parties and by the court as alimony and not as a contractual obligation of the husband.

2. The district court of Deer Lodge county has continuing jurisdiction over the question of modification and award of

alimony and the father's obligation to support the minor child until she arrives at majority.

3. Katherine R. Towne could obtain no relief by any action under the divorce decree in the courts of Silver Bow county except by possibly proceeding as provided by section 9417, Revised Codes, relating to filing a copy of a judgment obtained in one district court in the district court of another county in the same state.

4. The actions commenced in the county of Silver Bow should be dismissed, the attachments thereunder annulled, and Katherine R. Towne restricted to her remedy by execution issued out of the district court in and for Deer Lodge county, with the right to resort to contempt in aid of execution. The rights to execution and resort to contempt to be restricted to the installments of alimony due and accrued on the date she was served with process in the matter of the petition of Charles W. Towne, filed in the district court in and for Deer Lodge county, praying for modification of the decree of divorce made in cause number 4877 of that court. Further proceedings, except for execution as mentioned above, to await termination of the action for modification.

The majority opinion does not in my judgment set out the facts to the extent that is essential to a complete grasp of the questions involved. Hence the length of this dissent.

July 10, 1942, Charles W. Towne filed his petition in this court invoking our supervisory powers seeking a writ of prohibition directed to each of the district judges of Divisions One and Two of the District Court in and for Silver Bow county, restraining each of them from going forward with certain actions pending in their respective courts, and further seeking to have certain writs of attachments relating to the actions pending annulled.

The petition alleges that on September 6, 1935, Katherine R. Towne began an action for divorce in the Third Judicial District of the State of Montana, in and for the county of Deer Lodge. The complaint in that action is made Exhibit A. to the

petition before us. A decree of divorce was entered in that matter on September 7, 1935, and is made Exhibit B to the petition. It appears that after the complaint was filed in the divorce action, and before the matter was heard, the husband and wife entered into an agreement, which is made Exhibit C and attached to the petition. It is alleged that provision was made for the care and custody of a minor daughter in the divorce proceedings, and that the minor has since reached the age of majority. It is further alleged that on February 9, 1942, Katherine R. Towne commenced an action in Department One of the Second Judicial District, seeking to recover $300 representing the alimony claimed by her for the month of January and February, 1942; that a writ of attachment issued and levied against the petitioner. March 7, 1942, the complaint was amended, claiming the additional amount of $150 due for the month of March, 1942, and a second writ of attachment was issued against petitioner. Thereupon the petitioner sought to have the writs of attachment discharged, challenging the jurisdiction of the court to issue the writs or to entertain the action. The motions to discharge were denied, and the petitioner perfected an appeal to this court on June 22, 1942. June 19, 1942, Katherine R. Towne commenced another action in Department Two of the Second Judicial District Court, seeking to recover alimony alleged to be due for the months of April, May and June, 1942, and a writ of attachment was duly issued and served in that action. Copies of these different instruments referred to are made exhibits and attached to the petition in the instant proceedings. Petitioner further alleges that Katherine R. Towne has been provided with ample funds for her maintenance, and the actions have been multiplied and the writs of attachment issued for the purpose of harassing him.

It is further alleged that he made diligent application to the Third Judicial District Court for an order modifying the divorce decree; that a hearing was had on such application in April, 1942, and is still under advisement by the district judge of that district. This application for modification of the divorce

decree was allegedly made by the petitioner on the ground that that court has continuing jurisdiction in the premises and in everything relating to the question of alimony and the care and maintenance of the minor child. Petitioner further alleges that he has no adequate remedy by appeal or otherwise than by this court assuming original jurisdiction in the premises, and prays that this court issue its writ of prohibition directed to the judges of the Second Judicial District, restraining each of them from proceeding further in the actions mentioned, and that the writs of attachment be annulled or that they show cause before this court why they should not do so, and directing Katherine R. Towne to show cause why she should not be enjoined from further prosecution of said actions and from seeking "the enforcement of said divorce decree otherwise than by some proceeding within or ancillary to the action number 4877 in the Third Judicial District Court." Petitioner prays for such further relief as may be proper and adequate to terminate the multiplying of actions against him upon the same subject matter; petitioner further prays that this court issue an order commanding the adversary parties to desist until further order of this court from proceeding with the actions in the Second Judicial District heretofore mentioned.

The controversy arose in this manner: Katherine R. Towne commenced an action against her husband, Charles W. Towne, in the district court of the Third Judicial District of Montana, in and for the county of Deer Lodge, known as Action No. 4877 in that court. The complaint appears to have been verified and filed September 6, 1935. A decree of divorce was made and entered the following day, September 7, 1935. The preamble to that decree recites that a demurrer to the complaint was overruled and upon the defendant declining to plead further and on application of counsel for the plaintiff, the default of the defendant was entered and plaintiff's request to submit evidence in support of her complaint was granted. The preamble to the decree in part reads as follows:

"* * * From the evidence so submitted the court found

that plaintiff and defendant, subsequent to the filing of the complaint herein, had agreed upon a settlement of their property rights, with respect to the amount of monthly alimony to be paid to plaintiff, with respect to attorney's fees and costs of action, and with respect to the custody of the minor child of plaintiff and defendant, all subject to the approval of the court; therefrom the court further found that the other material allegations of plaintiff's complaint are true and that plaintiff is entitled to a decree of divorce absolute from defendant.

"Wherefore, the law and the premises considered, the court hereby approving the terms of the settlement hereinabove referred to, it is ordered, adjudged and decreed, and this does order, adjudge and decree, * * *''

The decree then follows with the provision that the wife is granted an absolute divorce from the defendant, is awarded the care, custody and control of the minor child subject to the rights of the defendant with respect to the visitation and companionship of the minor as set out in the agreement, and provides for certain costs of the suit, but makes no further specific provision relative to the matters that the parties had agreed upon.

The contract between the parties in that suit is Exhibit A in the petition before us. The agreement between the parties referred to in the decree contains four separate and distinct provisions as follows:

1. Property settlement agreed to;

2. Amount of monthly alimony to be paid to plaintiff agreed to;

3. Amount of attorneys' fees and costs agreed to; and

4. Custody of the minor child and right of visitation by father provided for and agreed to.

These are the subject matters that the parties to the agreement fixed as amongst themselves and which the trial judge approved by his decree. A recapitulation of the pertinent provisions of the agreement appears necessary.

The introductory paragraph of the agreement merely men-

tions the names of the contracting parties and the date of the agreement, and will not be further noticed.

The second paragraph of the preamble recites the commencement of the action for divorce and mentions generally the relief sought.

The next two paragraphs are in the following words, to-wit:

"Whereas, subsequent thereto, the parties hereto have agreed between themselves with respect to the amount to be paid to the first party by the second party as for support for herself and the minor child of the parties hereto, with respect to other of their property rights, with respect to attorney's fees and costs of court, and with respect to the custody of said minor child, all subject to the approval of the above-named court;

"Now, therefore, the premises considered, it is agreed between the parties hereto, if and when the party of the first part shall be awarded a decree of divorce absolute by the District Court of the Third Judicial District of the State of Montana, in and for the County of Deer Lodge, in her aforesaid suit against the second party, that, subject to the approval of said court, the following shall be and constitute the rights and obligations of the parties hereto in lieu of the relief sought by the party of the first part in her aforesaid action, in addition to a decree of divorce absolute, to-wit:"

Paragraph numbered "1" of the body of the agreement relates to the care and custody and education of the minor daughter. It is alleged by petitioner here and not denied that the daughter is now of age, and the effect that that fact shall have in the adjustment of the controversy will be mentioned later.

Paragraph numbered "2" is as follows: "The party of the second part has agreed to pay, and will pay, to the party of the first part the sum of One Hundred Fifty ($150.00) Dollars per month, * * * as and for the support and maintenance of the first party and the aforesaid minor child, * * * provided, however, that in the event the party of the first part shall remarry, or that she shall otherwise become possessed of an income sufficient to that end, apart from her own earnings

as they may hereafter arise, the obligation of the second party in the sum of One Hundred Fifty ($150.00) Dollars per month for the purposes above specified, shall terminate and that, thereafter, obligations with respect to the support and maintenance of said minor child, Patricia, shall be determined either by the mutual agreement of the parties hereto, subject to the approval of the court, or otherwise as the law shall provide.''

Paragraph numbered ''3'' relates to a Chevrolet car held under contract of purchase by the husband and on which there was a balance due, and for which the husband agreed to pay in full and thereupon transfer to the wife. In the meantime she was granted the use thereof.

Paragraph numbered ''4'' provides for a division of the furniture by mutual consent.

Paragraph numbered ''5'' relates to the property settlement and is as follows: ''With respect to the family home of the parties hereto, situated on the north side of West Broadway Street, in Butte, Montana, between Alabama and Excelsior Streets, known as number 815 West Broadway, and with respect to the summer home of the parties hereto situated on Flathead Lake, commonly known as the Townehouse, it is agreed that the second party will pay to the first party in satisfaction of her interest therein the sum of $1160.00, or if she shall elect not to have the automobile in paragraph three mentioned, after it shall be paid for in full, then the sum of $2000.00, on or before January 1, 1938, the claim of the party of the first part to remain a lien upon the Townehouse until such payment shall be made. And, provided further with respect to Townehouse, above mentioned, that the party of the first part shall have the right to its use and occupancy, without charge, during two consecutive months in the summer of each year hereafter, provided further, however, that if the party of the second part shall have an opportunity to rent such home, he will pay to the party of the first part, in addition to the monthly alimony above specified, in lieu of the right of occupancy of the first party, a sum of money equal to one-half of the rental value of such house.''

Paragraph numbered "6" relates to the husband's agreement to pay a specific sum for costs of the divorce action and attorney's fees. It appears that the complaint was filed the same day the agreement was executed and the decree was made and entered the following day. The agreement was manifestly made in contemplation of the suit and the decree was made to accord with both.

The parts of the agreement that are vital to the solution of the problems now involved in this controversy are those that are copied in full.

July 27, 1939, the parties entered into a supplementary agreement, modifying the original agreement of 1935, but the modification relates exclusively to the ownership and income of "Townehouse" referred to in the original agreement, and has no direct bearing on the controversy before us. The modified agreement specifically provides that other provisions of the 1935 contract are to remain unchanged. On December 18, 1941, the petitioner wrote Mrs. Towne the following letter:

"Butte, Montana
"Dec. 18, 1941

"Mrs. Katherine R. Towne
"740 West Galena St.
"Butte, Montana

"My dear Kay:

"This is to confirm my notification to your attorney and yourself of last June, supplemented by our interview of September 10, that alimony payments will cease with your December remittance, herewith enclosed.

"Very truly yours,
"Charles W. Towne."

This letter appears to have led to the actions commenced in the Silver Bow County courts by Mrs. Towne as heretofore outlined.

Prosecution of the two actions brought by Mrs. Towne in the courts of Silver Bow County proceed on the theory that all

the obligations of the husband to her arise by reason of the agreement between them and not from the decree of divorce. I think that the obligation of the husband to pay the $150 a month to the wife for her maintenance and that of the minor child is decretal and that the other provisions relating to the property settlement and the costs of that suit and attorney's fees are contractual. The agreement provides that the payment of $150 monthly shall cease in the event the wife remarries, and of course the passing of time would inevitably bring the minor to her majority, and on reaching majority the father would be no longer liable for her maintenance or education. The agreement expressly provides that the $150 per month is for the mainten-ᴜnce of the wife and care, support and education of the minor. This part of the agreement, being made contingent on future happenings necessarily is subject to modification, and could not be made otherwise by the court decree. I am further of the opinion that this conclusion follows the intention of the parties and that the court intended by its decree to carry out the purposes of the parties as expressed in the agreement. The court that made the decree is the best authority on what it means, and petitioner has appealed to that court for redress.

The agreement deals with four outstanding matters as heretofore mentioned, which were adjusted between the parties "subject to the approval of the court:" 1. Property settlement; 2. "alimony;" 3. attorney's fee and costs of action; 4. custody, care, education and support of the minor child. The court referred to the agreement in the preamble to its decree and in that decree expressly approved the settlement. The preamble to the decree is based on such findings. This court has, in effect, repeatedly construed sections 5769, 5770, and 5771, Revised Codes, as vesting in the trial court in divorce matters continuing jurisdiction in any matter relating to alimony, and the care, custody and maintenance of a minor child or children. (*Pearce* v. *Pearce,* 30 Mont. 269, 76 Pac. 289; *Brice* v. *Brice,* 50 Mont. 388, 147 Pac. 164; *Kane* v. *Kane,* 53 Mont. 519, 165 Pac. 457; *Boles* v. *Boles,* 60 Mont. 411, 199 Pac. 912; *Lewis* v. *Lewis,* 109

Mont. 42, 94 Pac. (2d) 211; *State ex rel. Tong* v. *District Court,* 109 Mont. 418, 96 Pac. (2d) 918; *Wolz* v. *Wolz,* 110 Mont. 458, 102 Pac. (2d) 22.) Manifestly in any matter wherein the court has continuing jurisdiction, the right of a party to have the case reopened and present evidence to show the right to modification of the decree, in either of the two matters mentioned, to meet such changing conditions as can be shown, can not be foreclosed. If such right could be foreclosed, "continuing jurisdiction" as used in divorce decisions would become merely words without meaning or substance.

In 27 C. J. S., Divorce, section 238-d, p. 986, it is said: "As a general rule, where a court has the general power to modify a decree for alimony, the exercise of that power is not affected by the fact that the decree is based on an agreement entered into by the parties, especially when the agreement was not incorporated in or referred to in the decree. The agreement becomes merged in the decree, thereby losing its contractual nature, at least to the extent that the court has power to modify the decree. * * * The court cannot, of course, modify a decree for alimony based on an agreement where it is without the general power to modify an alimony decree." This court said in a recent decision, *State ex rel. Tong* v. *District Court,* supra, that "* * * the language in the *Brice Case* must not be construed as forbididng modification of an award of alimony, [*even*] *where the remedy through appeal has been lost,* provided changed circumstances warrant modification, and further that the award as originally made, was not in gross, or a lump settlement." The two provisions in the decree in the instant case, (a) discontinuance of the payment of the $150 per month to the wife in the event that she should remarry or come into competence by other means, and (b) when the minor child reached majority, are each in their nature matters that call for modification of the decree under the court's continuing jurisdiction, if and when either or both events should occur. But it is contended the alimony is covered by the property settlement, is contractual in nature, no appeal was taken from the

decision of the court and, therefore, the decision is *res adjudi-cata.* Alimony was a matter of specific consideration in every phase of the controversy. In section 5 of the agreement it was provided that if the husband has an opportunity to rent Towne-house "he will pay to the party of the first part, in addition to the monthly *alimony* above specified, in lieu of the right of occupancy of the first party, a sum of money equal to one-half of the rental value of such house." It will be remembered that the court in the preamble of its decree recounted the four matters covered by the agreement between the parties which the court expressly approved, and in referring to such four matters so covered the *property* settlement and *alimony* are separate and expressly mentioned. If the court intended that the $150 allowed for alimony should be swallowed up in the property agreement and come under the law of contract, referring to alimony was a useless expression and had no place in any part of the decree.

What is alimony: "Alimony does not arise from any business transaction but from the relation of marriage. It is not founded on contract but on the natural and legal duty of the husband to support the wife. (*Barclay* v. *Barclay,* 184 Ill. 375, 56 N. E. 636, 51 L. R. A. 351; *Audubon* v. *Shufeldt,* 181 U. S. 575, 21 S. Ct. 735, 45 L. Ed. 1009)" (*Herrick* v. *Herrick,* 319 Ill. 146, 149 N. E. 820, 823.)

"Under the strictly legal definition of the word 'debt', arrears of 'alimony,' sometimes termed a judicial debt of record, are not a debt, but a claim in the nature of a debt." (*In re Brace's Estate,* 105 Misc. 178, 173 N. Y. Supp. 636.)

"Alimony means sustenance or support." (*Stearns* v. *Stearns,* 66 Vt. 187, 28 Atl. 875, 44 Am. St. Rep. 836.)

"Alimony is a periodical allowance for the wife's support when she is separated or divorced from her husband." (*Cohen* v. *Cohen,* 174 Md. 61, 197 Atl. 564, 565.)

Many similar definitions found in the books clearly tend to place all payments made by the husband for the wife's support in the category of alimony, when they are divorced or live apart.

In the complaint filed in the divorce action, the wife prayed for alimony, and it is clear that the parties as well as the court had the question of alimony in mind when the agreement was executed, and when the decree of divorce was formulated.

To hold that the obligation imposed upon the defendant to pay the $150 to the plaintiff is a contractual and not a decretal obligation, it would be necessary to disregard the statutory provisions heretofore mentioned relating to continuing jurisdiction and overrule the former decisions of this court cited above interpreting such statutes. If that course were pursued the trial court would be deprived of the power to reopen the divorce action and relieve the defendant of the obligation to continue the payments to the wife for her own and the daughter's maintenance and support in the event the wife should remarry and if and when the minor should reach majority. It appears to me that, keeping in mind the purposes and intentions of the parties, and the court, as gathered respectively from the agreement and the decree, the only reasonable, logical and practical construction to place upon the agreement and decree is to hold that all the provisions of the agreement relating to property settlements, costs of litigation and attorney fees in the divorce litigation, are contractual and are *res adjudicata* in the instant case, and that the questions of alimony, and maintenance of the minor, are decretal and subject to revision.

Many of the best reasoned decisions hold that agreements between the parties made where divorce actions are pending are in the nature of stipulations, largely made to avoid the necessity of proof. The case of *Douglas* v. *Willcuts*, 296 U. S. 1, 56 S. Ct. 59, 61, 80 L. Ed. 3, 101 A. L. R. 391, is outstanding. The opinion of the court was by Chief Justice Hughes. Pursuant to an agreement between the husband and wife, the husband placed certain securities in trust and the wife was given a life estate in the income with reversion over to the husband. The parties stipulated that the provision made for the wife was in lieu of alimony and all other claims the wife might make upon the husband's estate. Three days subsequent to the execution

of the agreement the wife was granted a decree of absolute divorce. The internal revenue department levied the income tax on the income derived from the trust, against the husband. He paid the tax under protest but claim for refund was disallowed. In the suit that followed, the husband's contention was that the wife was liable for the tax. In the course of the decision the Chief Justice said:

"Such stipulations or agreements do not control the court. * * * When such agreements are approved, and in effect are embodied in the decree, they do not detract from the authority of the court to alter or revise its decree and the provisions made for the wife's benefit. * * *

"It appears that the original judgment for alimony was based upon a stipulation of the parties, entered into pending the action, * * * and plaintiff contends that the judgment so founded and entered became a contract between the parties, and is not subject to change by the court, * * *.

"Stipulations and agreements of the kind, where not void by reason of having been entered into to facilitate a decree of divorce, become merged in the judgment when entered, and are not, in the absence of statute upon the subject, so far of a contractual nature as to preclude the court subsequently from changing and modifying the judgment, upon application of one of the parties. * * * The fact that such stipulations are usually adopted by the court does not change the situation. * * *

"In the instant case, the trust agreement was made on the day that the suit for divorce was brought. The agreement was manifestly made in contemplation of that suit. * * * While the terms of the trust as set up in the trust agreement were approved, the court made those terms its own. It was from this action of the court that the trust derived its force."

In the case at bar it was manifestly the intention of the parties to make an adjustment of their property rights final but defer final determination of the matters relating to alimony and the care of the minor awaiting future developments. Right of revision is the rule and its denial the exception. In *McClure*

v. *McClure*, 4 Cal. (2d) 356, 49 Pac. (2d) 584, 100 A. L. R. 1257, it was held that "The trial court has power to modify a decree at any time." Nine California cases are cited to sustain the rule. In the case of *Dupont* v. *Dupont*, 4 Cal. (2d) 227, 48 Pac. (2d) 677, it was said: "There is, of course, the continuing authority of the court to modify its orders relating to payment of alimony; but with respect to the right to a divorce and with respect to the determination of property rights, the right to modify or vacate the decree no longer exists." In the case of *Keck* v. *Keck*, 219 Cal. 316, 26 Pac. (2d) 300, 302, it was said: "It is settled that a decree for alimony may be modified as to installments to become due in the future." In the case of *Armstrong* v. *Armstrong*, 132 Cal. App. 609, 23 Pac. (2d) 50, 51, it was said as an introductory statement: "This appeal involves the simple issue whether an award of alimony made in harmony with a property settlement agreement may be modified upon a proper showing."

The parties by their agreement settled their property rights and made provision for a minor child. The agreement was attached as an exhibit of the complaint. The court awarded plaintiff $50 per month for alimony and the same amount for care of the minor. The agreement was not incorporated in the decree. Later the court granted a motion to modify the decree as to both alimony and allowance for the support of the minor. On appeal the judgment of the lower court was affirmed.

The sound reasoning of these cases compels the conclusion that the defendant's right to apply to the district court of the third judicial district in and for Deer Lodge county for modification of the decree, which it is alleged has been done, under the continuing jurisdiction of that court in the particulars heretofore mentioned, should be upheld, and that if he can show just cause why the decree of divorce should be modified as to the amount of alimony and as and for the maintenance of the daughter, he should not be deprived of the right to modification.

On the question of the delinquent payments of $150 monthly, all payments delinquent at the time the defendant filed and

served on the plaintiff his petition in the district court in and for Deer Lodge county, praying for modification of the decree, are obligations due the plaintiff by the defendant under the alimony provisions of the decree which in itself is a judgment and may be enforced as provided by section 9423, Revised Codes, relating to execution, and attachment will not lie where execution may be had. (*Harboldt* v. *Hensen*, 75 Mont. 512, 244 Pac. 488.) The courts of Silver Bow county have no jurisdiction in the premises.

The continuing jurisdiction of the court in divorce actions can mean nothing less than exclusive jurisdiction of such matters involved in the divorce proceedings as the court making the decree of divorce shall leave in abeyance to be determined as the future exigencies and circumstances of the parties shall require, and, as to such matters, I know of no mode of procedure by which the district court of Deer Lodge county could be deprived of jurisdiction to modify its decree as to alimony.

In *Davis* v. *Davis*, 61 App. D. C. 48, 57, Fed. (2d) 414, 416, the court, quoting from 29 Am. St. Rep. 310, said: "In order to avoid conflict between tribunals of co-equal authority, the rule has been formulated, and so far as we know universally respected, that the court first acquiring jurisdiction shall be allowed to pursue it to the end, and that it will not permit its jurisdiction to be impaired or subverted by a subsequent resort to some other tribunal." That was a divorce case in which the Court of Appeals of the District of Columbia had made an award of alimony which the husband, some years later, after having become a resident of Virginia, sought to have modified to conform with a decree he had obtained in Virginia.

The wording in the case of *Herrick* v. *Herrick*, 319 Ill. 146, 149 N. E. 820, at page 823, where it says, "but that does not preclude the court which entered the decree from modifying it when there is a change in circumstances which justifies a modification," indicates modification must be made in the court which granted the divorce.

"An application to modify the terms of a decree of divorce

is not an independent proceeding. It is not the commencement of an action. It is simply a proceeding supplementary or auxiliary to an action in which certain matters theretofore determined are by the very terms of the statute subject to modification." (*Franklin* v. *Bonner, District Judge,* 201 Iowa 516, 207 N. W. 778, 780.)

Quoting further from the above case, it was said:

"In *Delbridge* v. *Sears, Judge,* 179 Iowa 526, 160 N. W. 218, it is recognized that a decree of divorce providing for a stated alimony is conclusive as to conditions existing at the date of the decree but that a court, upon a showing of changed circumstances, has power to modify within its reserved jurisdiction under the statute. This is not the granting of a new trial, or a retrial of the original case. It is said:

" 'A court of equity, having obtained jurisdiction originally, retains jurisdiction for the purpose of subsequent changes or modifications to meet new and changed conditions, but not otherwise.'

"This rule finds its basis in sound public policy. (*Schlarb* v. *Schlarb,* 168 Iowa 364, 150 N. W. 593)."

A similar question was involved in the case of *Sistare* v. *Sistare,* 218 U. S. 1, 30 S. Ct. 682, 685, 54 L. Ed. 905, 28 L. R. A. (n. s.) 1068, 20 Ann. Cas. 1061. The opinion was delivered by Chief Justice White. In 1899 the Supreme Court of New York gave the wife judgment for separate maintenance and ordered her husband to pay her weekly $22.50 for her support and the maintenance and education of a minor child. In 1904, none of the installments of alimony having been paid, the wife commenced an action in a Connecticut court "to recover the amount then in arrears of the decreed alimony." After the action had run the gauntlet of the Connecticut courts, a writ of error was granted by the United States Supreme Court. It was there held:

"*The provision of the payment for alimony in the future was subject to the discretion of the court of chancery of New Jersey,* which might at any time alter it, and was not a final judgment for a fixed sum. * * *"

The same question of jurisdiction was involved in the case of *Van Horn* v. *Van Horn,* 196 App. Div. 472, 188 N. Y. Supp. 98, and the New York court held in effect that petition for modification of the decree must be made to the Nevada court where the decree was obtained.

It has been contended that the case of *Schnerr* v. *Schnerr,* 128 Cal. App. 363, 17 Pac. (2d) 749, and others of similar import, applies here. In that case it was held that the husband could not be committed for contempt for the reason that his obligation to pay $75 per month to the wife was contractual and not decretal. It is worthy of note that the opinion in that case dwells on the fact that no mention was made of alimony in either the interlocutory or the final decree, or the complaint.

The writ should issue directing the district courts of Silver Bow county to dismiss the actions pending in their respective courts, further directing that the attachments be annulled and all proceedings stayed pending the final determination of petition of Charles W. Towne pending in the Third Judicial District by which he seeks modification of the decree.

MR. JUSTICE ANGSTMAN:

I concur in the views of MR. JUSTICE MORRIS. I realize that there are many cases supporting the views of the majority to the effect that the provision for alimony is contractual and not decretal since it was not actually incorporated in the decree. The very fact that the parties sought and obtained approval of the court with respect to the contract is sufficient, in my opinion, to make the contract, in effect, a part of the decree, at least so far as the alimony feature is concerned.

On the question of the right to modify the decree with respect to alimony, my views are that the court by its approval of the agreement simply held that under the conditions then existing the property settlement agreement and the stipulation as to alimony was reasonable, just and fair. The court might have incorporated the provisions of the contract into the decree, and, had it done so, it could still change the award as to alimony upon

a change of conditions, under all the authorities. (27 C. J. S., Divorce, sec. 238(d), p. 986.) Its authority to do so seems to me to be equally clear where the court simply approved the agreement without incorporating it in the decree. The statutory power to modify a decree as to alimony can neither be divested nor modified by contract of the parties. (*Hughes* v. *Hughes*, 68 Cal. App. 195, 228 Pac. 675; and see *Kastner* v. *Kastner*, 90 Colo. 280, 9 Pac. (2d) 290.)

## ON MOTION FOR REHEARING
(Filed January 12, 1943.)

MR. JUSTICE ERICKSON delivered the opinion of the court.

Relator on petition for rehearing strongly urges that respondent should not be permitted to bring successive suits for the monthly installments as they become due in different courts or in different departments of the same court. No authority by statute or otherwise is cited to support this view. Section 9819 provides: "Successive actions may be maintained upon the same contract or transaction, whenever, after the former action, a new cause of action arises thereon." Nothing in this section or any other section of the Codes suggests that these successive actions may not be maintained in different departments of the same judicial district.

The petition is denied.

MR. CHIEF JUSTICE JOHNSON and MR. JUSTICE ANDERSON concur.

MR. JUSTICE MORRIS:

I dissent. The petition for rehearing should be allowed.